JUDGE LINDSAY
delivered the opinion of the court.
By virtue of an act of the General Assembly, approved March 21, 1871 (Session Acts, 1871, p. 356), the County Court of Montgomery County, at its June term, 1872, appointed John A. Thompson collector of the tax levied in that county to pay the interest accruing on the bonds issued in payment of a subscription for stock in the Lexington & Big Sandy Railroad Company, and to pay the diiferent installments as they became due of a subscription for stock in the Elizabeth-town, Lexington & Big Sandy Railroad Company.
It is the duty of this collector to receive and receipt for all such taxes as may be paid between the 15th of July and the 25th of November in each year, and then within ten days after the last-named day to deliver to the sheriff of the county a list of all unpaid taxes. It is the duty of the sheriff to collect these taxes, with ten per cent damages, and pay them over within seventy days after they are listed to him • and he is made subject by the act to the “same penalties and amercements for a neglect of duty as sheriffs are subject to for a failure to collect and pay over the state revenue;” the remedy to “be by motion in the county court, in the name of the collector and receiver, against the sheriff and his sureties in his official bond, or by suit in the Montgomery Circuit Court.”
On the 4th of December, 1872, the collector listed with Ragan, the sheriff, uncollected railroad taxes amounting in the aggregate to $33,249.94. Ragan failed within the seventy *135 days allowed by the act of March, 1871, and also within a legislative extension of time up to June 1, 1873, to account for the greater portion of these taxes. The collector entered his motion in the Montgomery County Court against said sheriff and the sureties on bonds executed by him under the provisions of section 3, article 1, chapter 77, Revised Statutes, and recovered judgment against them for $32,838.78, and also for twenty per centum on said amount as damages. To reverse that judgment this appeal is prosecuted.
The essential and controlling question in this case is whether the proceeding in the county court was based on the proper bonds. The bonds upon which judgment was rendered stipulate that the sheriff shall by himself and deputies well and truly discharge the duties of his office, and pay over to such persons and at such times as they may respectively be entitled thereto all moneys that may come to his hands as sheriff. It may be that the terms of this bond are comprehensive enough to render the sureties thereon liable for all moneys, public or private, that may come to the hands of the sheriff when acting in his official capacity; but that such was not the intention of the law is evident from the fact that such officer is required to give a separate bond to secure the collection and payment into the state treasury of the public revenues, and still another to secure the collection and payment' to the persons entitled to receive the same the county levy and public dues of his county.
■ We entertain no doubt of the right of the sureties on the bond executed at the- time the sheriff is inducted into office to claim exemption from liability on account of any default of his touching his duties as collector of the public revenues or of the county levy or public dues of his county. As matter of law the sheriff has no right to collect these revenues and levies until he has executed the bonds required, and upon failure to give either bond he may be removed from office..
*136 Technically speaking, the railroad taxes due from the taxpayers of Montgomery County may not be county levy; but they certainly are public dues of the county. The 28th section of the charter of the Lexington & Big Sandy Railroad Company and the 15th section of the charter of the Elizabethtown, Lexington & Big Sandy Railroad Company empower and direct the County Court of Montgomery County to levy and collect each year a tax sufficient to pay the sums due on account of its subscription for stock in either company. These taxes are levied by the levy court, and collected for the benefit of the county, and are expended in the payment of its debts. They are therefore public dues of the county.
The county court so understood the law, as is evidenced by the fact -that taxes were levied at the levy court held June 18, 1872: “ for the old Lexington & Big Sandy Railroad, forty cents ad valorem tax on each one hundred dollars worth of taxable property;” and “for the Elizabethtown, Lexington & Big Sandy Railroad, $2.25 on each one hundred dollars worth of taxable property.” These taxes, being public dues of the county, must be accounted for by those persons who covenanted that Ragan should “collect, account for, and pay over to the person entitled to receive the same according to law the county levy and public dues of the county of Montgomery for the year 1872.” A covenant to this effect is contained in the bond executed pursuant to the provisions of section 3, article 2, chapter 26, Revised Statutes, and to this bond, and not to those upon which the collector proceeded in this case, the county must look for indemnity. The only thing that gives even plausibility to the position assumed by appellee is that the act of March 21, 1871, provides that the remedy against the sheriff for failure to collect and pay over the taxes listed to him by the collector shall be by motion or suit on “ his official bond.”
It is claimed that the bond executed by the sheriff at the. time *137 he takes the oath of office is as a matter of law his “official bond.” This court held differently in the case of the Commonwealth v. Adams (3 Bush, 41). Every bond executed by the sheriff in obedience to law, by which his sureties undertake that he shall discharge a public duty imposed upon him by law as sheriff, is an official bond; and when it was provided that the remedy, in case the sheriff of Montgomery County should fail to collect and pay over the railroad taxes levied in that county, should be by motion or suit on his official bond, the legislature referred to the bond by which he and his sureties covenanted that such default should not be made.
For the reasons given the judgment is reversed, and the cause remanded with instructions to dismiss the motion as to all the sureties of Ragan who join in this appeal.