JUDGE LINDSAY
delivered the opinion of the court.
The demurrer to the cross-petition of Royse v. Reynolds should have been sustained.
The amendment of December 16,1857, to the 125th section of the Civil Code of Practice authorizes a defendant who has a cause of action against a person not a party to the action, and affecting the subject-matter of the action, to make his answer a cross-petition against such other person.
*287 Fee’s suit was an equity proceeding to enjoin Royse from enforcing his judgment against him, upon the ground that he was a surety, and that he had been released from liability by lapse of time.
Royse’s causes of action against Reynolds are the breaches of duty by the latter, in failing, as sheriff, to return an execution for more than thirty days after- the return-day thereof, and in failing to sell certain property that had been levied on by his deputy.
There is no connection whatever between these causes of action and the subject-matter of Fee’s suit, except that Fee was a party defendant in the judgment upon which the execution issued. None of his property had been seized, and he was released, if .at all, not by the delay or neglect of the sheriff, but by the want of diligence on the part of Royse.
But aside from this objection the cross-petition of Royse sets out no cause of action against Reynolds, except for the statutory penalty of thirty per centum in damages.
Appellant fails to allege that the property levied on and in the hands of the sheriff was of any value whatever. The liability of an officer for failing to sell property taken under an execution is the value of the property, if it is finally lost and the defendants are insolvent, or if the only solvent defendant is released by the laches of the officer.
The petition in this case fails to show that appellant sustained any actual damage by the failure of the sheriff to sell, and hence it authorizes no recovery on that account.
The plea of the statute of limitations barred the action so far as the statutory penalty of thirty per centum damages is concerned.
In an action for the breach of the conditions of a sheriff’s bond and for the recovery of actual damages the limitation as to the sheriff is fifteen years.
The penalty of thirty .per centum damages, however, is *288 not secured by any express stipulation of the bond. It is a liability imposed upon the sheriff and his sureties by statute, outside of and independent of the express or implied conditions of their covenant. (Section 4,- article 18, chapter 36, Revised Statutes.)
An action upon a liability created by statute, or for a penalty or forfeiture, when no time is fixed by the statute or law creating the same, must be commenced within five years next after the cause of action accrued. (Section 2, article 3, chapter 63, Revised Statutes.)
Whether this thirty per centum damages be treated as a statutory liability or a penalty or forfeiture, and it certainly is one or the other, it can not be recovered in this action on account of the lapse of time.
The judgment dismissing appellant’s cross-petition must, for the reasons stated, be affirmed.