JOHN BIDDLE, JAMES LASLEY AND CHARLES O'MALLEY v. GEORGE F. WENDELL, JUDGE OF PROBATE, FOR THE USE OF MARY E. RICHARDS, LOUISA RICK, EDWARD. LYNE AND WILLIAM LYNE.

*Action Barred on Administrator's Bond—New Trial.*

An administrator's bond has no independent force apart from the administration proceedings, and if a liability is barred which it was meant to secure, action on the bond to enforce that liability is barred also.

Where the probate court has neglected to decree payment of debts and distribution of assets four years and a half after issuing letters of administration, in accordance with Comp. L., §§ 4457–8, the right of action on the administrator's bond begins to run at that time, and in due course is barred by the statute of limitations.

Where a case is tried without a jury and comes up without a finding of facts and is reversed upon a point analogous to a. request to charge, a new trial must be ordered.

Error to Mackinac. Submitted Oct. 10. Decided Oct. 23.

ACTION ON ADMINISTRATOR'S BOND. The facts are in. the opinion.

*Brown & Cushman* (on brief) for plaintiffs in error. The time for settling estates is limited to four and a half years from the issue of letters of administration, and the jurisdiction of the probate court therein then ceases unless. an order is made continuing the administration. *Hoffman v. Beard,* 32 Mich., 218. Actions in assumpsit are barred in six years (Comp. L., § 7148; *Sigler v. Platt,* 16 Mich., 206) and in debt in ten years. Comp. L., § 7154; *McKinney v. Miller,* 19 Mich., 151.

*Geo. W. Bell* (on brief) for defendant in error. The probate court has jurisdiction of all matters relating to the settlement of estates of deceased persons until the estate is wholly settled. Comp. L., §§ 5197, 4489.

GRAVES, J.    Biddle was administrator of the estate of Edward Lyne, deceased, and Lasley and O'Malley were sureties on his administration bond.    The bond was given May 13th, 1861.

At a hearing in the probate court on the 15th, 16th and 17th days of May, 1876, it was decreed that Biddle, as administrator, held in his hands a balance belonging to the estate of $907, and that the estate was entitled to interest thereon from May 17, 1867, being nine years, at seven per cent., and amounting to $571.41; that Mary E. Richards, Louisa Rick, Edward Lyne and William Lyne were the children of the deceased and the only heirs of the estate and entitled to receive from the administrator such principal and interest, amounting to $1,478.41.    And it was further decreed that Biddle as administrator pay to said heirs and distributees said amount within thirty days from said 17th of May, 1876.

Payment not being made, this action was brought upon the bond February 23, 1877.    The cause was tried without the intervention of a jury and the court gave judgment against the administrator and his sureties.    There was evidence tending to show that Biddle was never cited to account until 1876, or more than fifteen years after his appointment. Several points are suggested, but one only will be noticed. It was claimed by plaintiffs in error that action on the bond for failure to pass assets to distributees was barred by the statute.    Under the system of regulations which provides for this bond the probate court is required to prescribe a time for disposing of the estate and paying debts and legacies, and the time which may thus be prescribed is in terms limited to four years and six months from the time of granting letters.    Comp. L., §§ 4450, 4451, 4452, 4453.    This provision must undoubtedly be construed in connection with others, and it cannot be regarded as an imperative regulation for the settlement of estates within the time mentioned. Still it may be properly considered as contemplating a stage in the proceedings having influence upon other proceedings, and also as marking a point from whence to calculate the time or times allowable for other acts.    Bearing this in

mind and passing to § 4457, we observe that the time which may have been fixed under the provisions just noticed for the payment of debts is referred to, and it is declared that "at or before the expiration of the time limited for the payment of debts, the probate court shall make an order or decree for the payment of the debts, and the distribution of the assets," etc., unless an appeal from the decision of the commissioners is pending, in which case the court is to suspend action. § 4458. According to this provision it would seem that in case no appeal from the decision of the commissioners should be pending it would be incumbent upon the probate court to decree distribution of assets at a period not later than four and a half years from the grant of letters, and there is nothing to indicate that any appeal was pending to cause delay. It may then be rightly claimed on the face of these proceedings that by virtue of the law under which the bond was given a decree of distribution was at the latest due four years and a half subsequent to May 13, 1861, and it is to be intended that the bond was given in reference to such regulation.

It is next noticeable that personal liability by the administrator to creditors and liability upon the bond is declared to arise on the making of the before mentioned decree. § 4461.

These different provisions, in the absence of an exceptional state of things, would seem to determine that on the arrival of four years and a half after the grant of letters the right to insist on distribution would commence, and that a right to proceed in the probate court to compel it, or in other words, a right of action in the premises, would be in force. As intimated before, nothing is disclosed which in any way indicates that there was any thing to postpone the right.

The bond can have no separate and independent force. It belongs to the administration proceedings. Apart from them it cannot supply a cause of action, and if the liability which is made the ground of action upon it was itself barred then the bar must apply to this action on the bond to enforce that liability, and upon the facts as they appear we

think the liability was barred. Four years and a half subsequent to May 13, 1861, if not earlier, the right to require distribution would seem to have accrued, and yet no attempt to enforce the right appears to have been made until more than ten years had elapsed. Then proceedings were instituted therefor and carried out to action on the bond. The proceedings in the probate court, and in the court below upon the bond are intimately connected and in substance and effect may be said to constitute one general proceeding to assert the right which apparently accrued more than ten years ago. If this view is correct the circuit judge erred. As the case comes here without a finding of facts, and the question arises upon a point submitted in the nature of a request to charge, there must be a new trial.

Judgment reversed, with costs, and new trial ordered.

COOLEY, C. J. and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.