### W. L. BROWN v. KNOX COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 2—58.]

**Liability of Sheriff's Sureties.**

> Sureties on the general bond of a sheriff have the right to claim exemption from liability on account of any default of his touching his duties as collector of the public revenues, or of the county levy or public dues.

**Claims Against the County—Duty of County Court.**

> It is the duty of the county court to levy a sum sufficient to pay all allowed claims against the county at the time of the levy, and to require a bond from the sheriff with sureties worth double the amount of the levy for its collection and payment to the persons entitled, and upon failure to furnish the bond the court should have decreed a for-feiture of his right to longer hold the office.

### APPEAL FROM KNOX CIRCUIT COURT.

December 2, 1880.

OPINION BY JUDGE HARGIS:

The county court of Knox, sitting as a court of claims, October, 1873, allowed to J. D. Bolton $124.50 for services rendered as a jail guard, and ordered the sheriff to pay it and the other claims allowed at that term out of the county levy for the year 1874.

The sheriff collected the county levy for that year, but the county court failed to compel him to execute bond for its collection and disbursement as required by Sec. 4, Art. 2, Chap. 27, General Statutes, or to levy a sum sufficient to pay the whole of the claims allowed by them.

Bolton signed the claim shortly after its allowance to the appellant to whom the sheriff paid $31.70, but failed and refused to pay the remainder of the claim, he having become insolvent. The appellant presented a copy of the order allowing the claim, with Bolton's assignment endorsed on it, to the court of levy and claims in October, 1877, and moved for its allowance and an order directing the sheriff or collector of the county levy for the year 1878 to pay it. The motion was rejected and he appealed to the Knox Circuit Court, which also rendered a judgment against him, affirming the action of the court of claims, from which he prosecutes this appeal.

It was the duty of the county court to levy a sum sufficient to pay all the claims against the county allowed at the time of the levy

(Art. 2, Chap. 27, Gen. Stat.), and to take a bond from the sheriff with security worth double the amount of the levy, for its faithful collection, and payment to the persons entitled to receive it. Sec. 4, Chap. 27, General Statutes.

By failing to execute the bond, the sheriff would have subjected himself to a forfeiture of his office, if the county court had, as was its duty, required him to do so. It is insisted that the appellant should have sued the sheriff and his sureties on his general official bond. This court, however, held in the case of *Anderson v. Thompson*, 10 Bush 132, that the sureties on the bond executed at the time the sheriff is inducted into office have the right to claim exemption from liability on account of any default of his touching his duties as collector of the public revenues, or of the county levy or public dues of his county, and that as matter of law the sheriff has no right to collect these revenues and levies until he has executed the bonds required.

The court of claims cannot be said to have levied any sum to pay appellant's claim, for there was allowed an excess of claims over the levy made for their payment much larger than appellant's claim when it was allowed. The appellee has therefore made no provision for the payment of this claim, as was its duty. As there is a question about its amount that should have been ascertained and a levy made sufficient to include the unpaid part of the claim in controversy.

Wherefore the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*John H. Wilson, for appellant.    J. & J. W. Rodman, for appellee.*