CASE 69—PETITION ORDINARY—MARCH 28.

# Kenton County v. Lowe, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. IF THE SHERIFF FAILS TO EXECUTE A COUNTY LEVY BOND, and the county court failing to appoint a collector, the sheriff proceeds to collect the county levy, he and his sureties are liable therefor, by virtue of section 9, article 2, chapter 27, of the General Statutes, upon the bond executed by him for the performance of his duties as sheriff proper.

2. LIMITATION.—The statute referred to simply prescribes a duty which is to be performed by the sheriff in virtue of his office, and was not intended to create a liability outside of and independent of the bond required by law. Therefore, the limitation of seven years applies to such an action against the sureties upon the bond, and not the limitation of five years, which, by section 2, article 3, chapter 71, of the General Statutes, is made applicable to an action upon a liability created by statute when no other time is fixed by the statute creating the liability.

WM. GOEBEL FOR APPELLANT.

1. The petition as amended states a cause of action. (Gen. Stats., chap. 27, art. 3, sec. 9; Owens v. Ballard County Court, 8 Bush, 613.)

   The cases of Anderson v. Thompson, 10 Bush, and Elliott County v. Kitchen, are not in point.

2. This action is upon the bond, and not upon the statute, and, therefore, the five-year limitation statute does not apply. But even applying that statute, the action is not barred, as no cause of action arises in favor of the county until it pays the claims of the county creditors. (Owens v. Ballard County Court, 8 Bush, 613.)

3. The fact that the bond was not executed in January does not render it void. (Grundy v. Commonwealth, 12 Bush, 350.)

O'HARA & BRYAN FOR APPELLEES OTHER THAN LOWE.

1. Any bond required by law to be executed by the sheriff is an "official bond." (Commonwealth v. Adams, 3 Bush, 46; Anderson v. Thompson, 10 Bush, 133.)

2. The sheriff failing to execute a county levy bond, neither the county nor a creditor of a county has a remedy against the sureties on the other bonds. (Elliott County v. Kitchen, 14 Bush, 290; Anderson v. Thompson, 10 Bush, 133.)

3. This action is founded upon the statute, and not upon the bond, and, therefore, the limitation of five years applies. (Royse v. Reynolds, 10 Bush, 286.)

4. The court had no authority to accept bond after the first Monday in January, and the bond sued on being executed after that date, is void. (Basham v. Commonwealth, 13 Bush, 37; Lowe v. Phelps, 14 Bush, 647.)

5. Is the act creating commissioners for Kenton county constitutional? The Constitution provides for justices of the peace, and not for commissioners. (Constitution of Kentucky, art. 4, sec. 37.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Lowe, sheriff of Kenton county, duly executed the bond required by section 3, chapter 100, General Statutes, in which he and his sureties covenanted, he, by himself and deputies, would well and truly discharge all the duties of said office, and pay over to such persons, and at such times as they may respectively be entitled to the same, all money that might come to his or their hands as sheriff. He did not, however, execute any bond for collection of the county levy for that year, 1878, as required by section 4, article 2, chapter 27. Nor was a collector appointed by the county for that purpose as the statute provides may be done, in case the sheriff fails, to give such bond. Nevertheless the sheriff was, in due time, furnished by the clerk of the county court with a list of persons chargeable with payment of county levy, and list of persons to whom the county was indebted, and the amount to be paid by the sheriff, or collector, to each one as required to be done by section 6, article 2, chapter 27, and he thereupon proceeded to collect the county levy for that year as though he had given the bond specially provided for in that chapter. But, upon settlement made with him by a person ap-

pointed for the purpose by the county court, it was ascertained he had failed to pay the aggregate amount he was required by law to collect and pay of the county levy to county creditors by the sum of —— dollars ; and the county of Kenton, having afterwards paid to them the several sums for which the sheriff was so in arrear, brought this action to recover the total amount thus paid from the sheriff and sureties in the bond executed in pursuance of section 3, chap·ter 100.

Section 9, article 3, chapter 27, which was in force when that bond was given, provides that "if for any cause the sheriff shall fail to execute the bond provided for in this chapter (27), and the county court failing to appoint a collector, the sheriff shall, in virtue of his office, proceed to collect the county levy, then he and his sureties shall in all respects, and to all intents and purposes, be responsible upon his official bond."

By official bond is clearly meant the one each sheriff is required by chapter 100 to execute, which relates to, and was intended to secure, performance of his duties as sheriff proper, and is distinct from what are called and understood as revenue and county levy bonds ; and though the statute makes the sheriff in virtue of his office collector of State revenue, also collector of county levy, he would have no authority to perform the duties of either office without first executing the special bonds required, except for the provision contained in section 9 quoted, the operation of which is confined to county levy. But as that section in express terms authorizes the sheriff in the precise condition

existing in this case to collect the county levy, and, in case he proceeds to do so, makes him and his sureties "in all respects, and to all intents and purposes, responsible on his bond," we do not see how appellees, who became sureties with presumed knowledge of the full liability of the sheriff as collector, and consequent undertaking to answer for his default in that respect, can now escape.

In Anderson v. Thompson, 10 Bush, 132, the attempt was made to hold sureties in the official bond of the sheriff liable for his failure to collect taxes levied under a special act to pay county subscription of stock in a railroad company, and the proceeding was directed by this court to be dismissed upon the ground those persons must account for such taxes who executed the bond pursuant to section 3, article 2, chapter 26, which is what is called, and is in fact, the county levy bond ; but as such bond appears to have been then executed in that case, section 9 did not then, as it does in this case, apply.

It is further contended that section 2, article 3, chapter 71, which provides an action upon a liability created by statute, when no other time is fixed by the statute creating the liability, shall be commenced within five years next after the cause of action accrued, presents a bar to recovery in this case.

In Royse v. Reynolds, 10 Bush, 286, it was held that the penalty of thirty per cent. damages for failure of sheriff for thirty days to return an execution placed in his hands, is not secured by an express stipulation of the bond, being a liability imposed by statute, and, consequently, limitation of five, instead of seven years,

applied in that case in favor of sureties. If in favor
of them, it would equally avail the sheriff himself.
But while it may be that to hold either a sheriff, or
his sureties, bound to answer for a penalty five years
after it was incurred, there should be an express stip-
ulation therefor in the bond, it seems to us the cove-
nant of appellees that Lowe, the sheriff, would well
and truly discharge all the duties of that office, and
pay over money that might come to his hands to
those entitled, made them liable for his default in
doing what was required by section 9, as fully and
effectually as failure to perform any other duty; for,
after all, the duties imposed upon a sheriff are mostly
such as are prescribed by statute, and for a failure to
perform the duties prescribed by section 9, an action
will lie and may be brought against the sureties within
the same time, seven years, as for failure to perform
any other duty embraced by the bond ; for we do not
regard that section as intended to create a liability
outside of and independant of the bond required by
law, but as simply prescribing a duty which shall
come within the scope of the office of sheriff, and be
performed by him in virtue of his office.

As seven years had not elapsed from accrual of the
cause of action when it was brought, the statute of
five years can not avail appellees.

The bond upon which this action was brought ap-
pears to have been executed in July, 1888, but as it
was manifestly given in renewal of one duly executed
on the first Monday of the previous January, it is as
binding as the original.

We are of opinion the lower court erred in sus-

taining a general demurrer to the petition, and the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.