COUNTY OF LENAWEE *v.* NUTTEN.

1. SHERIFFS AND CONSTABLES—SHERIFF'S BOND—OBLIGATION TWO-FOLD.
   There is a two-fold obligation in the bond of a sheriff, (1) that he will faithfully perform the duties of his office, and (2) that he will pay over all moneys that may come into his hands as said sheriff.[1]

2. SAME—LIMITATION OF ACTION ON SHERIFF'S BOND—STATUTES.
   An action by a county against a sheriff and his surety on the bond for failure to pay over certain money that came into his hands as sheriff was maintainable although not commenced until nearly five years after the right of action accrued, since the obligation is within the limitation

---

[1]Sheriffs and Constables, 35 Cyc. p. 1493.

of subdivision 1 of 3 Comp. Laws 1915, § 12323, relating
to the bonds of public servants, rather than subdiv. 3,
relating to misconduct or negligence in office of sheriffs
or their deputies.[2]

CLARK, J., dissenting.

Error to Monroe; Root (Jesse H.), J.     Submitted
January 19, 1926.     (Docket No. 63.)     Decided
April 14, 1926.

Assumpsit by the county of Lenawee against Fred
Nutten, principal, and the London & Lancashire Indemnity Company of America, surety, on an official
bond.     Judgment for defendants *non obstante veredicto*.     Plaintiff brings error.     Reversed, and judgment ordered entered on the verdict.

*Henry I. Bourns*, Prosecuting Attorney, and *James
W. Helme*, Assistant Prosecuting Attorney, for appellant.

*Baldwin & Alexander* and *Leland F. Bean*, for appellee Nutten.

*Glenn L. Williams* and *George J. Lieber*, for defendant indemnity company.

CLARK, J. (*dissenting*).     Plaintiff received of its
sheriff, defendant Nutten, his official bond on which
the other defendant was surety, conditioned to

"well and faithfully in all things perform and execute
the office of sheriff of said county of Lenawee, during
his continuance in office by virtue of the said election,
without fraud, deceit or oppression, and shall pay over
all moneys that may come into his hands as such
sheriff." * * *

Certain persons convicted of crime satisfied the judgments of the circuit court of the county by payment
of fines and costs.     The sheriff received the payments.

---

[2] Sheriffs and Constables, 35 Cyc. p. 1968.

He gave the amount of the fines to the county clerk and he retained the costs which he distributed to the committing magistrate, his deputies and himself to satisfy their respective charges in such cases.    On this record it may be said that then and thereby a cause of action accrued to the county to recover of the sheriff the sums so retained by him.    This action, so to recover against the sheriff and his surety on the bond, was not commenced until nearly five years later. Plaintiff had verdict, but, on decision of a reserved motion to direct a verdict, defendants had judgment *non obstante.*    Plaintiff brings error.    The sole question is on the statute of limitations.    We quote a part of section 12323, 3 Comp. Laws 1915:

"SECTION 13.  All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterwards, except as hereinafter specified: *Provided, however,*
"1.  That actions founded upon   *   *   *   bonds of public officers,   *   *   *   may be brought at any time within ten years from   *   *   *   the time when the cause of action accrued on such bond.   *   *   *
"3.  Actions against sheriffs for the misconduct or neglect of themselves, or their deputies,   *   *   * shall be brought within two years from the time the cause of action accrues, and not afterwards."

Plaintiff contends that this is an action founded on a bond of a public officer and is covered by the first proviso.    Defendants contend that the action is for misconduct of the sheriff and that the third proviso is applicable.    The first proviso is general in its terms and applies to all bonds of public officers.    The third proviso is specific and is applicable to sheriffs alone, and, in a sense is an exception to the first.    *Trask* v. *Wadsworth,* 78 Me. 336 (5 Atl. 182).

The sheriff was guilty of misconduct.    The action against him ought to have been brought within two years.    The cause of action therefore is barred.    And when barred against the principal it is also barred

against the surety. The bond is merely collateral security in case of the sheriff's failure in performance of official duty.

The trial judge, with ample citation of authorities, said in an able opinion filed:

"Suppose, in the instant case, that the sheriff had given no bond at all. His liability for failure to turn over costs would have rendered him liable but that liability, under the law, would cease unless action was brought within the two-year period. Does the giving of a bond increase that liability or extend the statute? Does it create a new liability or does it merely afford security for his misconduct? It seems to me there can be but one answer. Certainly the liability of the sheriff must be established before there can be a liability on the bond. The gist of the action is the misconduct of the sheriff, to wit, failure to turn over money belonging to the county. Though the form of the action is on the bond the real meat of the action is the misconduct, the failure to turn over the money, and the bond is only collateral security thereto."

We quote from *Ryus* v. *Gruble*, 31 Kan. 767 (3 Pac. 518) :

"As before stated, the wrongs committed by the defendant are the real and substantial foundation for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts; and while the statute cited by plaintiff operates to bar every action brought upon the bond to enforce a cause of action which accrued more than five years prior to the commencement of the action, yet such statute does not operate to suspend the operation of the other statutes of limitations, or to continue in force or revive a cause of action which had already been barred by some one of the other statutes of limitations. Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as

a security for the same thing, must necessarily cease to exist."

And from *People* v. *Putnam,* 52 Colo. 517 (122 Pac. 796, Ann. Cas. 1913E, 1264) :

"If Putnam incurred any liability it was in his official capacity; suit could have been brought against him without joining his bondsmen; he would have been liable had he not given a bond, but to such causes of action the one year statute of limitation applies; hence, this action was barred against him individually. This being the case, the bond did not increase his liability nor change it in any way.     The bond being the security to indemnify against the wrongful acts of the sheriffs, it follows that when the cause of action is barred as against the principal debt or cause of action, it is barred against the security, otherwise we would have the anomalous position with no cause of action against the principal which could be enforced, yet which could still be maintained against the surety."

See, also, *Spokane County* v. *Prescott,* 19 Wash. 418 (53 Pac. 661, 67 Am. St. Rep. 733) ; *State* v. *Blake,* 2 Ohio St. 147; *Kenton County* v. *Lowe,* 91 Ky. 367 (16 S. W. 82) ; *Royse* v. *Reynolds,* 73 Ky. 286.

As pointed out by the trial judge this principle finds support in *Biddle* v. *Wendell,* 37 Mich. 452, from which we quote syllabus :

"An administrator's bond has no independent force apart from the administration proceedings, and if a liability is barred which it was meant to secure, action on the bond to enforce that liability is barred also."

Had plaintiff commenced its action against the sheriff within the two years, and, having judgment, had later sought to charge the surety, a different question would be presented.     *Adams* v. *Overboe,* 105 Minn. 295 (117 N. W. 496).

Judgment should be affirmed.

SHARPE, J.     Defendant's bond is conditioned, *first,* that he shall "well and faithfully in all things perform

and execute the office of sheriff," and, *second,* that he shall "pay over all moneys that may come into his hands as said sheriff." This form of bond appears in the Compiled Laws of 1857, and has been retained without change since that time.

The 1857 compilation (§ 5363) contained the following provision as to limitation of actions:

"All actions against sheriffs, *for the misconduct or neglect of their deputies,* shall be commenced within three years next after the cause of action shall accrue, and not afterwards."

It was retained without change until the enactment of the judicature act in 1915, when the words "themselves, or" were inserted after the words "neglect of." 3 Comp. Laws 1915, § 12323.

In placing a construction upon the language of this section, we should, I think, have in mind the purpose of such statutes.

"The mischief which statutes of limitation are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert." 17 R. C. L. p. 665.

They are said to be—

"statutes of repose, the object of which is to suppress fraudulent and stale claims from springing up at great distances of time and surprising the parties or their representatives." 37 C. J. p. 684.

The reason for the enactment of the two-year statute seems apparent. It applies to actions for trespass on lands, for assault and battery, for libel and slander, and for malpractice, as well as those against sheriffs for the misconduct or neglect of themselves or their deputies. In all of these actions the plaintiff will have notice of the wrong or injury done to him at the time it is committed, and it is deemed no hardship to require him to begin his action therefor within the short period of limitation fixed by the

statute.   This reasoning applies with force to actions against sheriffs for alleged misconduct or neglect of their deputies, and it was thought wise to apply it also to that class of actions preferred against the sheriffs personally.   There was no reason, however, for applying it to his failure to pay over moneys received by him officially.

Fines paid to a sheriff after commitment must within 30 days be paid over by him to the county treasurer (3 Comp. Laws 1915, § 15790).   If not so paid, it is the duty of the county treasurer to immediately commence suit therefor, and, if the neglect to pay over continues for a period of 60 days, the sheriff is guilty of a misdemeanor (3 Comp. Laws 1915, § 15791).   Should the county treasurer be unaware of such payment to the sheriff, or be neglectful of the duty imposed on him by this statute, for the period of two years, under the holding of Mr. Justice CLARK the county would be unable to collect such moneys.

There is a two-fold obligation in the bond of the sheriff: *first,* that he will faithfully perform the duties of his office, and, *second,* that he will "pay over all moneys that may come into his hands as said sheriff."

In my opinion, the undertaking to pay over moneys received by him officially is within subdivision 1, relating to the bonds of public officers.

The jury rendered a verdict for the plaintiff.   This verdict was set aside and a judgment entered for defendant under the Empson act.   That judgment will now be vacated and the case remanded with directions to the trial court to enter a judgment upon the verdict. Plaintiff will have costs of both courts.

SNOW, STEERE, WIEST, and MCDONALD, JJ., concurred with SHARPE, J.   BIRD, C. J., did not sit. FELLOWS, J., took no part in this decision.