## WILLIS v. FIRST NAT. BANK OF LITTLE-FIELD. (No. 3281.)

Court of Civil Appeals of Texas. Amarillo. Oct. 9, 1929.

Rehearing Denied Oct. 30, 1929. Application for Writ of Error Refused Dec. 18, 1929.

Rob't A. Sowder, of Lubbock, for appellant.
E. A. Bills, of Littlefield, and Bean & Klett, of Lubbock, for appellee.

JACKSON, J. This suit was instituted in the district court of Lamb county, Tex., by the appellee, First National Bank of Littlefield, against the appellant, C. E. Willis, to recover on a promissory note dated December 27, 1926, and payable to A. R. Hendricks on or before December 27, 1927, in the sum of $1,000, with interest at the rate of 10 per cent. per annum, and for the attorney's fees stipulated. The appellee sought to reform and foreclose a deed of trust lien given to secure the payment of said note, but no question is presented relative to the reformation and foreclosure of the lien, provided the note is valid; hence, the allegations relative to the reformation and foreclosure are omitted.

Appellee alleges that it is the owner of the note, having purchased it for value before maturity and in due course.

The appellant answered by general demurrer, general denial, and, in addition to the facts alleged in defense to the note involved in cause No. 3282 in this court, C. E. Willis v. First National Bank of Littlefield, 22 S.W.(2d) 471, sufficiently pleaded duress, fraud, and failure of consideration, of all of which he alleges the appellee had full knowledge.

The appellee, in reply to appellant's answer, pleaded the facts it alleged in cause No. 3282 as an estoppel to the defenses urged by appellant to this note. Reference is here made to the opinion this day handed down in cause No. 3282, for an additional statement of the cause of action and defenses urged.

The note sued on in the instant case was executed by appellant and secured by a deed of trust, on the morning of December 27, 1926, at the meeting of the stockholders of the Littlefield State Bank, for the purpose of raising additional assets for said bank to enable it to open its doors for business, or enable it to consummate a sale of its assets to appellee. This note was secured by a deed of trust and made payable to A. R. Hendricks and became part of the assets of the Littlefield State Bank and was, in effect, a voluntary assessment against appellant as a stockholder in the Littlefield State Bank.

The facts and circumstances under which the note was executed, and the consideration for which it was given, are set out in the opinion in cause No. 3282, the statement of facts in the two cases being identical.

The court found against appellant on his defenses of duress, fraud, failure of consideration, and illegality, and, in our opinion, the testimony is sufficient to support the findings of the court.

Appellant presents numerous assignments challenging the ruling of the court in admitting certain testimony over his objection. The case was submitted to the court without the intervention of a jury, and the rule is well settled that, in a trial before the court, the admission of testimony, over objection, is not reversible error, provided there is sufficient competent testimony to justify the conclusions of the court, because it is presumed that the court did not consider any inadmissible testimony in reaching his decision.

What has been said in cause No. 3282 and the authorities therein cited, we think, are decisive against appellant's contentions.

Finding no error, the judgment of the trial court is affirmed.