HEREFORD INDEPENDENT SCHOOL DISTRICT v. J. S. JONES ET UX.

No. 5375. Decided February 5, 1930.<br>(23 S. W., 2d Series, 690.)

*Travis M. Dameron,* for appellant.

School districts, independent and common, being agencies and instrumentalities of the state, and being invested with and exercising a portion of state sovereignty, and being controlled jointly by the state and either a county or some city or town or city or town district, and being made indispensable by the Constitution and

statute, and existing and provided for at the time of the enactment of Article 7298, Revised Civil Statutes of 1925, when originally enacted in 1879, were considered by the legislature as identified with and comprised within the terms, "the state, or any county, city or town" as used in said Article 7298, and the courts should give effect to the intention of the Legislature. American Surety Co. v. Board of Trustees, 224 S. W., 292; Mellinger v. City of Houston, 68 Texas, 36; Holt v. State, 176 S. W., 743; Texas & Pac. Ry. Co. v. Ward County Irrigation District No. 1, 112 Texas, 593; Dallas County Levee Improvement District No. 6 v. Curtis, 287 S. W., 301; Dallas County Levee Improvement District No. 6 v. Unknown Heirs of Harris, 295 S. W., 293; Gammel's Laws of Texas, Volume 8, pages 533 and 545; Revised Statutes, Articles 7298, 2741, 2757, 2759, 2768; Constitution of Texas, Article 7, Sections 1 and 3, Article 8, Section 9, Article 9, Section 10.

If it be not held that such school districts were intended to be included within the provisions of Article 7298, R. C. S. of 1925, when it was originally enacted in 1879, then the amendments adopted to Chapter 15 of Title 126 of the Revised Statutes of 1911 by the Thirty-Eighth Legislature at its Second Called Session in 1923, being Sections 6 and 9 of Chapter 13 of the General Laws of the Second Called Session, construed in connection with each other in this act, and carried into Chapter 10 of Title 122 of the Revised Statutes of 1925 as Articles 7329 and 7343, would preclude the plea of limitation as not being one of the three defenses allowed by the act. General Laws of the Thirty-Eighth Legislature, Second Called Session, 1923, Chapter 13, Sections 6 and 9; Dallas County Levee Improvement District No. 6 v. Curtis, 287 S. W., 301; Holt v. State, 176 S. W., 743; Houston Oil Co. of Texas v. Griggs, 181 S. W., 833; Yoakum County v. Slaughter, 109 Texas, 42; Cave Hill Cemetery Co. v. Gosnell (Ky.), 161 S. W., 980; Evans v. McLain (Mo.), 175 S. W., 294.

If the reasons advanced in Propositions I and II would not prevent the plea of limitation to the recovery of the 1924 school taxes, then the reenactment of Articles 7298 and 7343, the last as applying to the first; and the reenactment of Articles 7329 and 7337 in connection with each other in the same chapter, and the reenactment of Articles 7329 and 7343 in connection with each other as originally enacted together in 1923, and the interpretation of all of these in the light of each other as reenacted in the Revised Statutes of 1925, would bring school taxes within the

provisions of Article 7298, and would otherwise, by Article 7329, preclude the plea of limitation to the collection of school taxes. Revised Civil Statutes of 1925, Articles 7298, 7343, 7337, and 7329; American Idemnity Co. v. City of Austin, 112 Texas, 239; Stevens v. State, 70 Tex. Cr., 565, 159 S. W., 505; Gulf, C. & S. F. Ry. Co. v. Gardner, 266 S. W., 809; Cobb & Gregory v. Dies, 203 S. W., 438; American Surety Co. of New York v. Board of Trustees, 224 S. W., 292; Francis v. State, 90 Tex. Cr. 67, 233 S. W., 974.

*Carl Gilliland,* for appellees.

There is no question whatever but that, if the two year statute of limitation provided for under our general limitation statutes may be urged against the collection of the taxes for the various years, 1918, 1921 and 1924, the collection of the taxes is barred for each of said years, because more than two years had elapsed from the time each became delinquent and before the filing of this suit, the question being whether or not the two year statute of limitation, provided for under our general laws, can be urged against an independent school district in a suit to collect taxes that have been delinquent more than two years before suit is filed. Article 5526, Subdivision 4 and 5, Rev. Stats., 1925; Article 7298, Rev. Stats., 1925; Texas & P. Ry. Co. v. Ward County Irr. Dist. No. 1, 112 Texas, 593; Rutledge v. State, 117 Texas, 342.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Seventh District presents the following certificate and question:

"The plaintiff, Independent School District, sued the defendants Jones and wife, to recover delinquent taxes, together with interest, penalty and costs. The taxes, though properly assessed, were unpaid for the years 1918, 1921 and 1924. The District further sued for the foreclosure of the tax lien on Lots 5 to 11 in Block 15 of the Evants Addition to the Town of Hereford, within the limits of said District.

"The defendants answered by general and special exception and plead the two year statute of limitation.

"A trial to the Court without the intervention of a jury resulted in a judgment that the Independent School District take nothing.

"In view of the holding in the case of American Surety Co. v. Board of Trustees, 224 S. W., 292, and of the holding in Dallas County Bois D'Arc Island Levee District v. Glenn, 13 S. W. (2nd)

337, and cases therein cited, the members of this Court are not able to agree upon the issue of law involved, and we therefore certify to Your Honors the following question:

"Did the Trial Court correctly hold that the two years statute of limitation applied to the action brought by the School District to recover the taxes, penalties and costs involved?"

The delinquent taxes for the years 1918, 1921, and 1924 were barred by the two years statute of limitation unless some other provision of the statute prevented the plea of limitation being presented as a defense.

It is urged that the provisions of Article 7298, R. S. 1925, operated to prevent the plea of limitation from being available in a suit for the recovery of the taxes by a school district. This Article reads as follows:

"No delinquent tax payer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State or any county, city or town."

The application of the above statute is expressly limited to suits to collect taxes due the *state, county, city,* or *town,* and is not, in our opinion, applicable to taxes due to school districts. This being the only statute which we think can be urged as having the effect of preventing the operation of the statute of limitation as to the taxes due for the years 1918 and 1921, we are compelled to hold that the recovery of such taxes by the school district was barred, hence the trial court properly sustained an exception to the petition seeking a recovery therefor.

We conclude, however, that subsequent legislation, effective before the taxes for the year 1924 became barred, prevents the plea of limitation from being used as a defense against the recovery of such taxes.

Our conclusion is based upon the provisions of the Acts of 1923, (Second Called Session, p. 36) now Article 7329, R. S. 1925, and Articles 7337 and 7343, R. S. 1925. The first named statute provides:

"There shall be no defense to a suit for collection of delinquent taxes, as provided in this chapter except:

"1.   That the defendant was not the owner of the land at the time the suit was filed.

"2.   That the taxes sued for have been paid, or,

"3.   That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess."

Article 7343 contains the following provision:

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

Article 7337, R. S. 1925, reads as follows:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter."

We think the adoption of the above Articles as a part of the Revised Statutes of 1925 manifested an intention on the part of the Legislature to adopt by reference the provisions of Article 7329 so as to make the terms thereof applicable to suits by districts to enforce the collection of school taxes. American Indemnity Co. v. City of Austin, 112 Texas, 239, 246 S. W., 1019. Under this statute appellees are denied the right to interpose the plea of limitation against appellant's suit to collect taxes due it for the year 1924.

We therefore answer the question certified that the trial court correctly held the two years' statute of limitation barred the recovery of taxes by the school district for the years 1918 and 1921, but was in error in holding that the taxes due for the year 1924 were so barred.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.