## RICHARDSON v. LIBERTY INDEPENDENT SCHOOL DIST.

### No. 1452—5687.

Commission of ·Appeals of Texas, Section A.
June 10, 1931.

See, also, 300 S. W. 188.

Stevens & Stevens and Ed Tully, Jr., all of Houston, for plaintiff in error.

J. F. Dabney, of Houston; for defendant in error.

J. B. Morris, of Beaumont, as amicus curiæ.

HARVEY, P. J.

This is a suit for the recovery of delinquent school taxes, brought by the Liberty independent school district against J. F. Richardson. The suit was commenced on March 28, 1928, and a recovery of school taxes, in varying amounts, for the years 1921, 1922, 1923, 1924, and 1925 is sought, with foreclosure of tax liens on the property involved. Among other defenses, Richardson pleaded the statute of two years' limitation (Rev. St. 1925, art. 5526). The trial court ruled, in effect, that limitation did not run against an independent school district on a claim for delinquent taxes due the district; and judgment was rendered in favor of the defendant in error for all the taxes, penalties, and interest sued for, with foreclosure as sought. Richardson appealed, and the Court of Civil Appeals, on account of lack of evidence of a valid tax levy for the year 1925, reversed the judgment of the trial court in so far as it allowed a recovery of taxes for that year. In ·all other respects the judgment of the trial court was affirmed. 22 S.W.(2d) 475. Richardson's application for writ of error was granted by the Supreme Court; the school district's application for writ of error was granted because of the granting of Richardson's.

The chief question presented for consideration relates to the ruling of the trial court, and of the Court of Civil Appeals, to the effect that the defense of limitation is not available to the defendant in a suit brought by an independent school district for the recovery of delinquent taxes due the district. That ruling, as applied to the present case, is partly correct and partly incorrect. As to all the taxes sued for, which had become delinquent two years or more prior to September 1, 1925, the time the Revised Civil Statutes of 1925 became effective, the defense of limitation was available to Richardson; for until the 1925 revision of the statutes became effective, the two years' statute of limitation ran against delinquent taxes due an independent school district. Hereford Ind. School Dist. v. Jones (Tex. Civ. App.) 23 S. W.(2d) 690. As regards the taxes sued for, which thus had already become barred, the right to the defense of limitation had become vested in Richardson, and this right could not be taken away by the Legislature. Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. But it is also settled by the decision in the Hereford Independent School District Case, cited above, that by adopting certain statutory provisions there pointed out, as part of the Revised Statutes of 1925, the Legislature stopped the further running of limitation against school district taxes. The effect of this action of the Legislature was to render unavailable to Richardson the defense of two years' limitation as regards all such taxes as were not already barred when the Revised Statutes of 1925 became effective.

Because the trial court erroneously entered judgment against Richardson for an aggregate sum which embraces barred items of varying amounts, the said judgment should be reversed and the cause remanded.

The school district complains of the action of the Court of Civil Appeals in reversing and remanding the cause in ·so far as the claim for taxes for the year 1925 is

concerned. As already pointed out, the action of said court in this respect is based upon a finding by that court of no evidence of a valid tax levy for the year 1925. This, as the case appears before us, includes a fact finding of insufficiency of the evidence in the respect mentioned. The order of the Court of Civil Appeals remanding that phase of the case, on account of such fact finding, must be respected. Marshburn v. Stewart, 113 Tex. 518, 254 S. W. 942, 260 S. W. 565.

We recommend that the judgment of the Court of Civil Appeals, in so far as it affirms the judgment of the trial court, be reversed, and that the judgment of the trial court be reversed in all respects and the cause remanded.

CURETON, C. J.

The judgment of the Court of Civil Appeals is in part reversed, and the judgment of the district court is reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.