**LIBERTY INDEPENDENT SCHOOL DIST.**
**v. RICHARDSON.**
**No. 2442.**

Court of Civil Appeals of Texas. Beaumont.
Nov. 23, 1933.

Rehearing Denied Nov. 29, 1933.

C. R. Wilson, of Liberty, and J. F. Dabney, of Houston, for plaintiff in error.

Stevens & Stevens, of Houston, for defendant in error.

COMBS, Justice.

This appeal is by writ of error, but the parties will be referred to as appellant and appellee.

This suit is for school taxes for the years 1921 to 1925, inclusive, and is the second appeal of the case. On the former appeal this court held that the statute of limitations did not apply to school districts. 22 S.W.(2d) 475. It was also held that the evidence was insufficient to show that a legal levy of the tax for 1925 was made. The Supreme Court, on writ of error, reversed our judgment on the question of limitation; the opinion by the Commission of Appeals holding that school taxes, delinquent for two years or more, prior to September 1, 1925, are subject to the bar of the statute of limitations. 39 S.W.(2d) 823. On the present trial the trial court allowed recovery of the taxes for 1924, but denied appellant recovery for the years 1921, 1922, and 1923 on the ground they were barred by limitation, and also denied recovery of the tax for 1925 on the ground that no legal levy for that year was shown.

The court properly sustained appellee's plea of limitation as to the taxes for the years 1921 and 1922, but erred in holding that the tax for 1923 was barred. The tax for 1923 did not become delinquent until February 1, 1924, and hence it was not barred on September 1, 1925, when the codification of the present statutes became effective.

We think the trial court correctly held that no valid tax levy for the year 1925 is shown. The facts on this issue are substantially the same as on the former appeal and need not be repeated here. See Richardson v. Liberty Independent School District (Tex. Civ. App.) 22 S.W.(2d) 475. The only additional evidence offered on the present trial to show a tax levy was the testimony of W. D. Partlow, who was a member of the board of trustees in 1925, to the effect that he remembered that the board made the levy some time in the summer of 1925; that a levy of 80 cents for maintenance and 20 cents for bond interest and sinking funds was made; that he had no independent recollection of whether a quorum of the board was present; but that he knew in reason there was a quorum because "we never did anything unless there was a quorum."

The record shows that the school tax levied against the several properties of appellee for the year 1923 and the penalties and interest thereon, to the date of trial, are as follows:

| | Tax | Pen. & Int. |
|---|---|---|
| 684 Ac. Geo. Orr Sur. Liberty Co. | 19.10 | 11.56 |
| 1/3 Lot 3, Blk. 19 Town of Liberty | 16.25 | 9.82 |
| Lot 1, Blk. 21, Town of Liberty | 7.50 | 4.51 |

The judgment of the trial court will be reformed so as to include therein judgment for taxes, penalty, and interest due for the year 1923, with foreclosure of tax lien, and as so reformed the judgment is affirmed.