W. GREGORY HATCHER ET AL V. STATE OF TEXAS ET AL.

No. 6318.   Decided April 10, 1935.
(81 S. W., 2d Series, 499.)

*S. L. Staples,* of Austin, and *J. L. Zumwalt,* of Dallas, for plaintiff in error Hatcher, and *George E. Shelley,* of Austin, for plaintiff in error American Surety Company of New York.

The suit was barred by the two years statute of limitation. Phillips v. Hail, 118 S. W., 190; Bitter v. Bexar County, 11 S. W. (2d) 163, 167; Moran v. Midland Farms Co., 282 S. W., 612.

*Tom L. Beauchamp,* of Tyler, *Moore & Moore, Long & Wortham,* all of Paris, for defendants in error.

Two years statute of limitation did not apply. Hillman v. Gallagher, 103 Texas, 427, 128 S. W., 899; McKenzie v. Hill County, 263 S. W., 1073; Wade v. Monroe, 266 S. W., 560.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The nature of the case is thus correctly stated in the carefully considered opinion of the Court of Civil Appeals by Chief Justice McClendon:

"The state, upon the relation of the trustees of several common school districts in Lamar county, sued W. Gregory Hatcher, and his surety (American Surety Company of New York) upon his official bond as state treasurer for negligent failure to collect a certified check and bank draft which had been remitted to him in his official capacity to pay off certain bonds issued by the several school districts and owned by the permanent school fund. The trial court sustained a general demurrer and several special exceptions to plaintiff's petition, and overruled several special exceptions to the answers of defendants. Plaintiff declined to amend, and has appealed from a judgment of dismissal.

"The suit is predicated upon the following facts disclosed by the petition:

"The permanent school fund held bonds of the several districts, of the aggregate principal and interest accruing to April 10, 1926, of $19,948; on which date some of the bonds matured and others did not. March 8, 1926, application was made to

the board of education to pay the principal of the nonmaturing bonds on April 10, 1926, under R. S., art. 2787a. This permission was granted. April 10, 1926, the First State Bank of Paris (later herein called the Paris bank), which was county depository of Lamar county school fund, drew a draft on the Republic National Bank of Dallas (later herein called the Dallas bank), in favor of the state treasurer for $19,948; and delivered it to the county auditor, who mailed it to the state treasurer. Funds to meet the draft were deposited in the Dallas bank in the following manner: The county auditor presented warrants to the county treasurer (who was also cashier of the Paris bank), aggregating $19,948; and the county treasurer drew a check upon the Dallas bank, where the Lamar county school fund was (without the knowledge of the county commissioners) deposited, and had the amount of the check transferred on the books of the Dallas bank from the account of the school fund to that of the Paris bank. The latter closed its doors on May 26, 1926, up to which time the state treasurer had taken no steps to collect the draft; and the amount thereof was thereby lost to the school districts.

The cashier's check was issued May 8, 1926, by the Paris bank in favor of the state treasurer for $903.75 to cover bonds and interest due on that date, and owned by the permanent school fund. It was handled in the same manner as the draft and met a like fate."

The Court of Civil Appeals affirmed the trial court's judgment as to the certified check, but in all other respects reversed the judgment of the trial court and remanded the cause. 52 S. W. (2d) 794.

Among the special exceptions urged to plaintiff's petition and sustained by the trial court were exceptions on behalf of both defendants to the effect that it affirmatively appeared from the petition that the cause of action stated was barred by the statute of limitations of two years, in that the petition sought the recovery of damages arising out of the alleged negligence of the defendant Hatcher in failing to collect the draft and check before the closing of the Paris bank on May 26, 1926, which was more than two years before the suit was filed.

Defendants in error as well as plaintiffs in error assumed in their briefs filed in the Court of Civil Appeals that the general limitation statutes of this State were available to defendants in a suit of this character, the point of difference between the parties being in those briefs as to which limitation statute applied, that of two years (Article 5526) or that of four years

(Article 5527). The Court of Civil Appeals held the four year statute rather than the two year statute to be applicable, and that the trial court erred in sustaining the exceptions raising the question of limitation.

In a supplemental argument filed in the Supreme Court defendants in error take the position that limitation may not be pleaded as a defense, because the suit is for the recovery of funds which the school districts hold in trust for the benefit of their schools, and because in holding and preserving such funds the school districts are exercising the attribute of sovereignty. It becomes necessary therefore to determine first whether limitation is available as a defense in this suit.

1 The real plaintiffs in the suit, which is brought in the name of the State for their use, are several common school districts of the county of Lamar. These school districts, or to speak more accurately in the language of the statute, (R. S. 1925, Article 2748) the trustees of the several districts, are bodies politic and corporate, which may contract and be contracted with, sue and be sued. School districts, whether independent districts or common school districts, are not primarily agencies of the State, but they are local public corporations of the same general character as municipal corporations. While they are State agencies in the sense that they are employed in administering the State's system of public schools, their operations are in a limited sphere, and in holding property and funds in trust for school purposes, they are immediately trustees for the local public. Love v. City of Dallas, 120 Texas, 351, 366-369, 40 S. W. (2d) 20.

Thus school districts fall within the same class as cities, and the rule applicable to cities, that is, that the general limitation statutes may be invoked against them, is ordinarily applicable to school districts. Mellinger v. City of Houston, 68 Texas, 37, 3 S. W., 249; 37 C. J., p. 718, sec. 32; 17 R. C. L., pp. 972-973, sec. 346. In Mellinger v. City of Houston, supra, the court, citing a Missouri case, City of Jefferson v. Whipple, 71 Mo., 519, said:

"As against a state limitation does not run unless permitted by statute, while as against a municipal corporation it will run unless restrained by statute."

2 Municipal corporations and school districts are not, like counties, essentially instrumentalities of the state. Chief Justice Phillips, when explaining in Bexar County v. Linden, 110 Texas, 339, 345, 220 S. W., 761, the fundamental differ-

ences between the characteristics and functions of municipalities and those of counties, said with reference to municipalities:

"Their purpose, chiefly, it is important to remember, is to regulate and administer the local and internal affairs of the particular community. Their main and essential purpose, in a word, is the advantage which will ensue from them to their inhabitants. As Judge Dillon has put it, 'the primary and fundamental idea of a municipal corporation is an institution to regulate and administer the internal concerns of the inhabitants of a defined locality in matters peculiar to the place incorporated, or at all events *not common to the State or people at large.*' The affairs of a municipality are municipal affairs, their concerns are municipal—those merely of the community, and the powers they exercise are municipal powers."

Because they are of such nature, cities and school districts do not enjoy the immunity from suit and from the operations of laws of limitations that is accorded the sovereign.

3   It is to be noted in this connection that notwithstanding the fact that counties, as held in Bexar County v. Linden, *supra,* are essentially instrumentalities of the state, used "as efficient and convenient means for the discharge of the State's duty in their regard to all of the people," the general limitation statutes are with certain defined exceptions available in defense of suits by counties. See Houston & T. C. Ry. Co. v. Travis County, 62 Texas, 16; Harris County v. Charlton, 112 Texas, 19, 243 S. W., 460, 245 S. W., 644; Bitter v. Bexar County (Com. App.), 11 S. W., (2d) 163; McKenzie v. Hill County, 263 S. W., 1073 (application for writ of error refused); Caldwell County v. Harbert, 68 Texas, 321, 4 S. W., 607; Linz v. Eastland County (Com. App.), 39 S. W. (2d) 599.

4   It is held that, in the absence of a statute denying to delinquent tax payers the right to plead limitation, the two year statute of limitations is available in defense of suits by irrigation districts and levee districts for the collection of taxes. Texas & Pacific Ry. Co. v. Ward County Irr. Dist. (Com. App.), 270 S. W., 542; Rutledge v. State, 117 Texas, 342, 292 S. W., 164, 7 S. W. (2d) 1071; State v. Glenn, 118 Texas, 334, 13 S. W. (2d) 337, 15 S. W. (2d) 1028.

5   The same decision has been made with reference to limitation in suits by school districts for the collection of taxes. Prior to September 1, 1925, the effective date of the Revised Statutes of 1925, the two year statute of limitations could be urged as a defense to suits by independent school districts for

the collection of delinquent taxes, but certain articles of that revision of the statutes had the effect of depriving delinquent tax payers of such school districts of the defense of limitation. Hereford Independent School District v. Jones, 118 Texas, 655, 23 S. W. (2d) 690; Richardson v. Liberty Independent School District (Com. App.), 39 S. W. (2d) 823.

In the case last cited the Court of Civil Appeals, (22 S. W. (2d) 475) held that limitation does not bar suits by school districts for the collection of taxes, because such districts are agencies of the State exercising delegated powers for the discharge of a State constitutional function, namely, the maintenance of a system of public schools, and because in collecting taxes levied for the maintenance of such system of public schools they act as agencies of the State and as trustees for the public free schools. Such decision was overruled by the Supreme Court when it entered the judgment recommended by the Commission of Appeals, by which recovery of the taxes which had become delinquent two years or more prior to September 1, 1925, was barred by the two year statute.

Now if, in the absence of a statute to the contrary, limitation is available in a suit by a school district for the recovery of taxes levied by the district, then certainly it is available in the instant case, which is but a suit for damages alleged to have been suffered by the school districts, in amount equal to the principal and accrued interest of bonds of the districts belonging to the State permanent school fund, on account of negligence of plaintiff in error Hatcher in failing to forward promptly for collection a draft and check drawn for the payment of the bonds. A suit for the collection of school taxes and this suit for the collection of damages arising after their collection are alike for the benefit of the schools of the districts and of the local public of the districts. The institution of this suit is no more nearly (if indeed as nearly) an act of sovereignty, or the exercising of a governmental function, than is the institution of a suit for the collection of school taxes.

6 We conclude, therefore, that limitation is available to plaintiffs in error as a defense.

Defendants in error, in support of their contention that their action is not barred by any statute of limitations, rely upon Delta County v. Blackburn, 100 Texas, 51, 93 S. W., 419; American Surety Co. v. Board of Trustees of Independent School District of Fort Worth, 224 S. W., 292; and that part of the decision in Linz v. Eastland County (Com. App.), 39 S. W. (2d) 599, 77 A. L. R., 1466, holding that the statute of

limitations did not run as to school district funds. The American Surety Company case was in effect overruled by Hereford Independent School District v. Jones, 118 Texas, 655, 23 S. W. (2d) 690. The Delta County case and the Linz case were suits by counties acting and suing as trustees of school funds and seeking restoration of trust funds wrongfully withheld, while the instant case is a suit for damages alleged to have been suffered by school districts on account of negligence of a public official.

The next question for determination is whether the cause of action alleged in the petition is barred by the two year statute or by the four year statute of limitations. Article 5527, Revised Civil Statutes of 1925, provides that "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing" shall be commenced and prosecuted within four years after the cause of action shall have accrued. The contention of defendants in error is that this article is the applicable statute because the suit is on the official bond of defendant in error Hatcher, while plaintiffs in error contend that the suit is barred by the two year statute of limitations because it is an action for damages on account of alleged negligence of plaintiff in error Hatcher in the performance of official duties and not a suit on the bond, which is merely collateral security for the performance of those duties. The bond is conditioned in the language of the statute (Art. 4368) "that he shall faithfully execute the duties of his office as State Treasurer."

As stated in the opinion of the Court of Civil Appeals, the question "whether a suit against a public official for breach of an official duty is an action upon the bond or whether on the other hand the bond is merely security for and incidental to the official obligation has not, so far as we have been able to discover, been adjudicated by our Supreme Court." That opinion further contains a careful review of the several decisions of this question by the Courts of Civil Appeals, showing that such decisions are in conflict, most of them holding, however, that the action is upon the bond. The Court of Civil Appeals in this case expressed no opinion of its own upon the question, stating in substance that it felt constrained to follow the holding of the Dallas, El Paso and Waco courts.

We have reached the conclusion, after careful consideration of all the authorities referred to by the Court of Civil Appeals, together with those cited in the briefs and all other that we have been able to find, that the question was correctly de-

termined by the Court of Civil Appeals at San Antonio in Phillips v. Hail, 118 S. W., 190. That was a suit against a constable and sureties on his official bond to recover damages for the negligent taking by the constable of a defective claim bond. The statute then in effect (Art. 4911, R. S., 1895), in language substantially the same as the article above referred to prescribing the conditions of the State treasurer's bond, required the execution by the constable of a bond "conditioned for the faithful performance of all duties required of him by law." The court, in a well considered opinion by Judge Neill, supported by a number of authorities from other states, held that the action was unquestionably barred by the two year statute of limitations, saying:

"This is founded on the principle that an official bond is simply a collateral security for performing the officer's duties, and when suit is barred for breach of his duty, action is also barred on the bond."

Among cases cited by Judge Neill in support of his ruling is Spokane County v. Prescott, 19 Wash., 418, 53 Pac., 661, 67 Am. St. Rep., 733. That was a suit by a county against the county treasurer and the sureties on his official bond, which was conditioned that the county treasurer should "well, truly and faithfully perform all official duties now required of him." It was held that the suit was barred by limitation because the cause of action did not arise out of the bond. In so holding the court said:

"Manifestly, in conformity to well-recognized legal principles, no action can be maintained against the sureties unless the liability of the principal exists at the time of the commencement of the action. One of the duties of the treasurer required by the statute was the payment of the money in his possession belonging to the county to his successor in office. The liability arose when he neglected or refused to make such payment. Certainly, the cause of action accrued at that date. The undertaking of the sureties was collateral security for the performance of the duties of their principal. The bond itself is security that an officer will discharge his duties. His failure to discharge them is a breach of a statutory duty. The bond does not impose any obligation upon him different from that created by the statute. If he had executed no bond, but has assumed the functions of the office, and collected moneys, the duty would still be imposed upon him to pay them over to his successor. The bond is collateral security, as set forth in Walton v. United States, 9 Wheat., 656. * * *

"If the bond be merely collateral security for the performance of the principal contract, and is not itself the original contract, then the question here in controversy is illustrated by reference to the rules controlling principal and suretyship. In states where a mortgage conveys the fee to the mortgagee, an action upon the mortgage is not barred, though the debt may be; but whereas in this state the mortgage creates a lien only, and is an incident to, and collateral security for, the debt, when the principal (the debt) is barred, no action can be maintained upon the mortgage itself (the collateral security for the debt): 2 Jones on Mortgages, 5th ed., sec. 1207; Van Eaton v. Napier, 63 Miss., 222."

The decision last cited is made the basis for the rule thus stated in the text of Ruling Case Law:

"And an action against the sureties on the bond of a county treasurer for his default in not paying over moneys received by him is not within that provision of a statute of limitations providing for actions on contracts in writing or arising out of written agreements, but is within the provision relating to contracts or liabilities not in writing and not arising out of a written instrument where the duties of the treasurer were fixed by law and not by his bond, and the liability sought to be enforced resulted from a breach of the duty imposed by statute and not by the bond." 17 R. C. L., p. 724.

The opinion in Ryus v. Gruble, 31 Kans., 767, 3 Pac., 518, also cited by Judge Neill, contains the following:

"As before stated, the wrongs committed by the defendant are the real and substantial foundations for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts; * * *. Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing, must necessarily cease to exist. When the principal debt or cause of action fails the security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action. Ample authority for all these propositions will be found in the following adjudicated cases:" (Citing authorities).

The foregoing decisions are in harmony with the great weight of authority. See City of Butte v. Goodwin, 47 Mont.,

155, 134 Pac., 670, 33 (1914C), A. & E. Ann. Cas., 1013; Sonoma County v. Hall, 132 Cal., 589, 62 Pac. 257, 312, 65 Pac., 12, 459; Calveras County v. Poe, 167 Cal., 519, 140 Pac., 23; Norton v. Title Guaranty & Surety Co., 176 Cal., 212, 168 Pac., 16; Graham County v. Van Slyck, 52 Kans., 622, 35 Pac., 299; Gallatin County v. U. S. Fid. Co., 50 Mont., 55, 144 Pac., 1085; State v. Conway, 18 Ohio, 235; State v. Blake, 2 Ohio St., 147; Oregon v. Davis, 42 Ore., 34, 71 Pac., 68, 72 Pac., 317; Hurst v. Charron, 267 Mich., 210, 255 N. W., 419. Contra: Kenton County v. Lowe, 91 Ky., 367, 16 S. W., 82; Harris v. Black, 143 Ga., 497, 85 S. E., 742.

The first of the several decisions of the courts of civil appeals announcing the contrary rule is Lane v. Delta County, 109 S. W., 866. That was a suit by a county against the county judge and the sureties on his official bond to recover money illegally collected as fees of office. The court held with no discussion of the question and without citing authorities:

"The suit was upon the official bond of the appellant Lane, and the statute of limitations of four years was applicable."

Other similar decisions of the courts of civil appeals either follow the Delta County case, or apparently result from an erroneous interpretation of Hillman v. Gallagher, 103 Texas, 427, 128 S. W., 899, hereinafter referred to. While applications for writs of error were refused in several of the cases decided by the courts of civil appeals, it is also true, as pointed out in the opinion of the Court of Civil Appeals in this case, that none of the applications presented the particular question. We have examined the original application for writ of error in Hoke v. Simonton, 46 S. W. (2d) 1013, cited by defendants in error, and find that it contains no assignment of error presenting the question here under consideration.

Our decision is not in conflict with Hilman v. Gallagher, 103 Texas, 427, 128 S. W., 899. In that case a father sued on a liquor dealer's bond on account of the defendant's permitting plaintiff's minor son to enter and remain in a saloon. The bond was given in accordance with Chaper 136, General Laws, Regular Session, 27th Legislature (1901), p. 314, by which every liquor dealer was required to execute a bond containing various conditions prescribed by the statute, one being that he should not permit any person under the age of twenty-one years to enter and remain in his place of business. The statute requiring the bond gave to any person aggrieved by the violation of any of its provisions the right to sue on the bond, and to recover the sum of $500 as liquidated damages. The

Court of Civil Appeals, following Phillips v. Hail, *supra,* held the suit was barred by the two year statute of limitations. (120 S. W., 505). In reversing that decision, the Supreme Court, speaking through Chief Justice Gaines, after quoting the four year statute, said:

"The cause of action in this case is both 'evidenced by and founded upon a contract in writing,' to wit, the statutory bond. *The bond states the conditions upon which the recovery may be had and promises to pay, in accordance with such conditions. Without the bond there can be no recovery."* (Our italics).

The difference between that case and the instant case is plain. There the suit was brought as the statute authorized it to be brought upon the very bond itself. The plaintiff had no cause of action without the bond. Here the cause of action does not arise out of and is not dependent upon the official bond. If the State treasurer owed defendants in error a duty for the breach of which a cause of action would lie, the law imposed the duty, and the duty rested upon him regardless of the bond. The obligation sought to be enforced, it it exists, arises out of a breach of official duty, not out of the bond. There is no statement in the bond of the State treasurer of the conditions upon which recovery may be had, and there is no promise in the bond to pay in accordance with such conditions. The bond, which is phrased in the same general terms as those contained in the statute, merely affords security for the faithful performance of the official duties. It seems clearly apparent, therefore, that the action is not founded upon the bond.

Nor is the action evidenced by the bond. The bond contains no statement of what the duties of the treasurer are, and no promise that he will make payment of any particular funds or amount to any certain person. The duties of the State treasurer are found in the statutes. There is no evidence, not even a recital, of them in the bond. Proof of the existence of a duty to defendants in error, of the breach of that duty, and of damages suffered by the breach must be made by evidence outside of the bond.

7    As to the surety, the bond but evidences its promise to stand surety for the principal. Both the existence and the evidence of a cause of action against the surety must be found in the existence and evidence of a cause of action against the principal. If there can be no recovery against the principal, there can be no recovery against the surety. The bond is but

96

incidental to the official obligation, in the same way that a mortgage is incidental to the debt which it secures. "It is well settled in this State that a mortgage is so completely an incident of the debt which it is given to secure that if the debt is barred by the statute of limitations the creditor is without remedy under his mortgage." State v. Glenn, 118 Texas, 334, 342, 13 S. W. (2d) 337, 15 S. W. (2d) 1028.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court April 10, 1935.