

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

November 21, 1949

Hon. Perry L. Jones
County Attorney
Travis County
Austin, Texas

Opinion No. V-950.

Re: The eligibility of elected
county officials and public
school teachers for cover-
age under workmen's compen-
sation for county employees.

Dear Sir:

We refer to your letter which in substance reads as follows:

"Does H.B. No. 611, Acts 51st Legisla-
ture, 1949, (Article 8309c, V.C.S.) involving
workmen's compensation for county employees,
cover elected officials of the county?

"Section 2, subsection 2 of this bill
provides '"Employee" shall mean every person
in the service of the county who has been ap-
pointed in accordance with the provisions of
the law . . . ' This appears to me to elim-
inate the elected officials, however, the
question has been raised that an elected of-
ficials might resign or die, in which case
the person succeeding him would be 'appoint-
ed in accordance with the provisions of the
law.'

"Second question: Does this Section
apply to school teachers in the county?

"In my opinion school teachers are em-
ployees of the local school districts, or
possibly of the State and not of the county."

Article III, Section 60, Constitution of Texas,
(H.J.R. 30, Acts 50th Leg., 1947) reads in part:

"The Legislature shall have the power to
pass such laws as may be necessary to enable
all counties of this State to provide Work-
men's Compensation Insurance, . . . for all

county employees as in its judgment is neces-
sary or required . . ."

Pursuant to this amendment, House Bill 611
(Art. 8309c), enabling counties to provide workmen's
compensation insurance for "county employees" was en-
acted.

One of the primary rules of statutory con-
struction is that words in common use, when contained
in a statute or Constitution, will be read according
to their natural, ordinary and popular meaning, unless
a contrary intention is clearly apparent from the con-
text. 39 Tex. Jur. 197, Statutes, Sec. 105. This
rule is sanctioned in Article 10, Vernon's Civil Stat-
utes. Furthermore, constitutional provisions may be
read into a statute to remove uncertainties and in or-
der to restrict literalism to proper bounds. 39 Tex.
Jur. 157, Stat., Sec. 86. So the operation of language
employed by the Legislature in an enactment may be re-
strained, though literally it may be susceptible of a
broader meaning which would conflict with the Constitu-
tion.

In Webster's New International Dictionary
(Second Edition), "employee" is defined as "One employ-
ed by another, one who works for wages or salary in the
service of an employer;--disting. from official or of-
ficer."

In the common language and thinking of the
people of this State in 1947 when they adopted Article
III, Section 60, the words "county employees" did not
mean county officials, elective or appointive. Nor
does the context of the constitutional provision au-
thorize the attachment to those words of a meaning
different or foreign to that usually and commonly ap-
plied thereto. We think the words "county employees"
as used in the amendment when given their common, or-
dinary and popular meaning cannot reasonably be con-
strued to cover or include county elective or appoint-
ive officials.

The purpose of the amendment being to author-
ize enactment of workmen's compensation laws for county
employees as distinguished from county officials, it
follows that the provisions in Article 8309c, including
Section 2, subsection 2, defining "employee", should be

construed in harmony and not at variance with the constitutional law on the subject. It is our opinion that Article 8309c (H.B. 611) does not cover county officers, elective or appointive.

That a school district is a political subdivision of the State is well established. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20 (1931); Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499 (1935); Lewis v. I.S.D. of City of Austin, 139 Tex. 83, 161 S.W.2d 450 (1942). Under Texas laws, public school district teachers contract their employments with the board of trustees of the school district in which they teach. Their salaries are paid from school funds and not county funds. Art. 2827, V.C.S., Senate Bills 116, 117, Acts 51st Leg., 1949. It is our opinion that neither the constitutional amendment as herein considered and construed, nor Article 8309c, were contemplated to cover school teachers in the county. Teachers, not being county employees in any sense of the words, are not covered by H.B. 611.

### SUMMARY

House Bill No. 611, Acts 51st Legislature, 1949 (Art. 8309c, V.C.S.) applicable to "County employees" does not cover county officials, elective or appointive, or school district teachers in the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw:bh

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL