

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 3, 1951

Hon. B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Opinion No. V-1230

Re: Authority of the Com-
missioners' Court to
waive limitations and
pay the County Judge
for services as a mem-
ber of the Juvenile
Board when the salary
claim would otherwise
be barred by limita-
tions.

Dear Sir:

You have requested an opinion concerning the
authority of the commissioners' court to waive limita-
tions and pay the county judge for services as a member
of the Juvenile Board, when the salary claim would other-
wise be barred by limitations. You ask specifically:

"Does the Commissioners' Court have
the authority to waive limitations and is
the disbursing officer required to plead
limitations?"

The salary claim is based on Article 3912e-5,
V.C.S., the constitutionality of which was upheld in
Travis County v. Matthews, 235 S.W.2d 691 (Tex.Civ.App.
1950, error ref. n.r.e.). Although the court did not
determine the county's authority to waive limitation,
it stated at page 698:

"In 53 C.J.S., Limitations of Actions,
Sec. 24, p. 959, it is said: 'Power to waive
limitations has been held to extend to a
state, a county, and a municipal corpora-
tion.'

"When a county comes into court it
comes as any other litigant. 11 Tex. Jur.pp.
614-615; Brite v. Atascosa County, Tex.Civ.
App. San Antonio, 247 S.W. 878 (Writ Dis.);
McKinney v. Freestone County, Tex.Com.App.,
291 S.W. 529. And, even though a county is
essentially an instrumentality of the state,

'the general limitation statutes are with
certain defined exceptions available in de-
fense of suits by counties.' Hatcher v.
State, 125 Tex. 84, 81 S.W.2d 499, 501, 98
A.L.R. 1213.

"The statute of limitations while no
longer an odious plea is one which must be
specially pleaded and one which courts do
not go out of their way to sustain. Duck-
worth v. Dallas County Levee Improvement
Dist. No. 6, Tex.Civ.App. Austin, 11 S.W.2d
263.

"We believe the tenor of the law on the
subject of the right of a county to waive a
plea of limitation to be such that no sem-
blance of bad faith can be attached to the
action of the Commissioners' Court in abid-
ing by the judgment of the District Court
upholding such right."

In Wier v. Silver Bow County, 124 P.2d 1003,
1005 (Mont. Sup. 1942), the court, on this question, held:

"The statute of limitations is a per-
sonal privilege which may be waived. It
must be pleaded, in order to be available as
a defense. The county commissioners have the
right and power 'to direct and control the
prosecution and defense of all suits to which
the county is a party.' Sec. 4465.14 Rev.
Codes. It seems clear that the board could
decline to plead the statute of limitations
whenever it was of the opinion that facts
showing the bar of the statute could not be
established. This was the implication of
the holding in Hicks v. Stillwater County,
84 Mont. 38, 274 P. 296. This is the rule as
to municipal corporations. 37 C.J. 721, note
19. And we think the same rule applies to
the county through its board of commissioners.
If the board could thus waive the statute of
limitations by declining to plead it, then it
seems equally clear that it could expressly
stipulate that the claims are not barred.
This is not the same as stipulating to a...
conclusion of law, but is equivalent to a
stipulation that the facts are not such that
the plea of the statute of limitations would
be available."

It has been held by this office that limitation is a matter of affirmative defense which may be waived by the county.  Att'y Gen. Op. V-1165 (1951); Letter Opinion to Hon. Jackson S. Webb, County Attorney of Bastrop County, dated November 1, 1949.

In view of the foregoing, it is our opinion that the Commissioners' Court of Hidalgo County is authorized to waive limitations and pay the County Judge of Hidalgo County for services as a member of the Juvenile Board when the salary claim based on Article 3912e-5, V.C.S., would otherwise be barred by limitations.

The pleading or waiving of limitations is the prerogative of the commissioners' court, and no other official is empowered to plead limitations on behalf of the county without authority from the commissioners' court.

## SUMMARY

The Commissioners' Court of Hidalgo County has authority to waive limitations and pay the county judge for services as a member of the Juvenile Board, although his salary claim would otherwise be barred by limitations.  Pleading or waiving limitations is the prerogative of the commissioners' court, and no other officer of the county has authority to invoke such plea.  Travis County v. Matthews, 235 S.W.2d 691 (Tex.Civ.App. 1950, error ref. n.r.e.); Wier v. Silver Bow County, 124 P.2d 1003 (Mont. Sup. 1942); Att'y Gen. Op. V-1165 (1951).

APPROVED:

Bruce Allen
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By
John Reeves
Assistant