

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 24, 1962

Hon. Charles L. Morris
Executive Director
Veterans Affairs Commission
Drawer 11, Capitol Station
Austin, Texas

Dear Mr. Morris:

Opinion No. WW-1443

Re: Whether Article 6252-4,
Vernon's Civil Statutes,
applies to employees of
Independent and Common
School Districts.

        You request an opinion from this office as to whether
Article 6252-4, Vernon's Civil Statutes, applies to teachers of
Independent and Common School Districts and if not, is there any
statutory provision that provides for teacher re-employment rights.

        Section 1, Article 6252-4, supra, reads as follows:

        "Any employee of the State of Texas, other
than a temporary employee, an elected official
or one serving under an appointment which re-
quires confirmation by the Senate, who leaves
his position in time of war or during the na-
tional emergency and enters the military, air
or naval forces of the United States or other
active Federal military duty or service by
reason of induction into the armed forces of
the United States or in compliance with orders
to active Federal military duty, or enters
service as a member of the Texas National Guard
or Texas State Guard or as a member of any of
the reserve components of the Armed Forces of
the United States shall, if discharged, separated
or released from such active military service
under honorable conditions, be restored to employ-
ment in the same department, office, commission,
board or other agency of the state constituting
employment by the State of Texas, and to the same
position held at the time of induction or order
to active Federal or State military duty or ser-
vice, or to a position of like seniority, status
and pay if still physically and mentally qualified
to perform the duties of such position."

The first inquiry to be made is whether teachers employed by school districts are "any employee of the State of Texas" as that phrase is used in the statute.

Article 2750a-2, Vernon's Civil Statutes, provides in part:

"The board of trustees of any common school district or any district which is classified as a common school district in this state shall, at all times, have the right to enter into contracts employing a superintendent, principals, teachers . . ."

Article 2781, Vernon's Civil Statutes, provides:

"The Board of Trustees of any city or town or any independent school district may employ a superintendent, principal, teacher . . ."

The above quoted statutes vest authority to employ teachers in the trustees of school districts. By such employment, teachers become employees of the school district rather than employees of the State of Texas.

Next we must determine if school districts are agencies of the State of Texas. If they are, then it would follow that teachers employed by school districts are employees of the State.

In 37-B, Tex.Jur., p. 114-116, Schools, Sec. 9, we find the following language:

"School districts are quasi-public corporations. It is said with reference to independent school districts, that they are of the same general character as municipal corporations; in other words, 'quasi-municipal corporations,' which derive their power by delegation from the state."

School districts are but subdivisions of the State. Dupuy v. State, 121 S.W.2d, 1003 (Tex.Crim. 1938). A school district "is a body politic and corporate, and may contract and be contracted with, sue and be sued, and, in its limited sphere, is a local public corporation of the same character as a municipal corporation. . . ." Frost v. Fowlerton Consolidated School District No. 1, 111 S.W.2d 754 (Civ.App. 1937).

In <u>Hatcher v. State,</u> 125 Tex. 84, 81 S.W.2d 499 (1935), we find the following statement:

"School districts, whether independent districts or common school districts, are not primarily agencies of the state, but they are local public corporations of the same general character as municipal corporations."

Under the above authorities, we are of the opinion that school districts are not agencies of the State, but rather local political subdivisions, such as counties, cities, towns, flood control districts and the like.

A settled rule of statutory construction,". . .is that words in common use, when contained in a statute, will be read according to their natural, ordinary and popular meaning. . . ." 39 Tex.Jur.,p. 197-199, Statutes, Sec. 105, and cases there cited.

Common use is made of the phrase "employee of the State" and we feel that when used, its natural, ordinary and popular meaning does not include teachers employed by school districts.

In answer to your first question, we are of the opinion that Article 6252-4, supra, does not apply to teachers of Independent and Common School Districts.

As to your second question, a search of the statutes of the State of Texas fails to reveal any provision for teacher re-employment rights.

## S U M M A R Y

Teachers employed by Independent and Common School Districts are not eligible for the re-employment rights granted employees of the State of Texas in Article 6252-4, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Ogden L. Bass, Jr.
Ogden L. Bass, Jr.
Assistant

OLB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Frank R. Booth
L. P. Lollar
Dudley McCalla
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore