

# The Attorney General of Texas

May 1, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Committee on Higher Education
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-177

Re: Whether various state statutes apply to Higher Education Authorities created under chapter 53 of the Texas Education Code.

Dear Representative Delco:

You ask whether various state statutes apply to Higher Education Authorities created under chapter 53 of the Texas Education Code. A Higher Education Authority is created by the governing body of a city or cities by ordinance pursuant to section 53.11 of the Education Code. An authority is a "body politic and corporate." Educ. Code § 53.13. It is also referred to as a "municipal corporation." Educ. Code § 53.47(d). It comprises only the territory included within the boundaries of the city or cities creating it. Educ. Code § 53.12. Nonetheless, it may acquire educational facilities outside the city limits. Educ. Code § 53.33. It may also purchase student loan notes executed by students attending school anywhere in Texas. Educ. Code § 53.47(b).

You first ask whether Higher Education Authorities are subject to article 6252-9b, V.T.C.S., which establishes standards of conduct for persons employed by a state agency, the courts, or the legislature. Sec. 2(7). Section 3 of this statute requires officers and executive heads of state agencies to file financial disclosure statements. A state agency is defined as follows:

> (A) any department, commission, board, office, or other agency that:
> (i) is in the executive branch of state government;
> (ii) has authority that is not limited to a geographical portion of the state; and
> (iii) was created by the constitution or a statute of this state; or
> (B) a university system or an institution of higher education as defined in Section 61.003, Texas Education Code, as amended, other than a public junior college.

V.T.C.S. art. 6252-9b, § 2(8).

In our opinion, a Higher Education Authority is not a state agency within this definition. A body politic and corporate is not an instrumentality of the state, but a local public corporation like a municipal corporation. Hatcher v. State, 81 S.W.2d 499 (Tex. 1935). A Higher Education Authority, created by a city, is an instrumentality of local government and is not in the executive branch of state government. See Attorney General Opinion M-538 (1969). It is not an institution of higher education as defined in section 61.003, of the Texas Education Code. Therefore, a Higher Education Authority is not subject to article 6252-9b, V.T.C.S., relating to financial disclosure.

You next ask whether Higher Education Authorities are subject to article 6252-11b, V.T.C.S., which requires state agencies to post listings of job opportunities. This statute defines "state agency" in the same way as does article 6252-9b, V.T.C.S. Thus, we conclude that a Higher Education Authority is not a state agency within its definition and not subject to its requirements.

You next ask whether a Higher Education Authority is subject to article 6252-13a, V.T.C.S., which requires the publication of state agency rules. "Agency" is defined as

> any state board, commission, department, or officer having statewide jurisdiction, other than an agency wholly financed by federal funds, the legislature, the courts, the Industrial Accident Board, and institutions of higher education, that makes rules or determines contested cases.

V.T.C.S. art. 6252-13a, § 3(1). We do not believe the Higher Education Authority is a "state board, commission, [or] department" for the same reasons relied upon in answer to your first two questions.

You next inquire whether the Open Meetings Act, V.T.C.S. art. 6252-17, applies to Higher Education Authorities. The Open Meetings Act applies to meetings of a quorum of members of a governmental body. Sec. 1. "Governmental body" is defined in pertinent part as follows:

> every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city. . . .

V.T.C.S. art. 6252-17, § 1(c). A Higher Education Authority has authority to make, amend, and repeal its bylaws. Educ. Code § 53.13. We believe this constitutes rule-making power within the above definition. It is therefore a governmental body, and meetings of its directors are subject to the Open Meetings Act.

You ask whether a Higher Education Authority is subject to the Open Records Act, V.T.C.S. art. 6252-17a. This statute applies to records held by a "governmental body" defined in pertinent part as follows:

(F) the part, section, or portion of every organization, corporation, commission, committee, institution, or agency which is supported in whole or in part by public funds, or which expends public funds. Public funds as used herein shall mean funds of the State of Texas or any governmental subdivision thereof;

V.T.C.S. art. 6252-17a, § 2. A Higher Education Authority is supported by public funds acquired through the issuance of revenue bonds. Educ. Code §§ 53.34, 53.47. Therefore, it is a governmental body subject to the Open Records Act.

You next inquire about article 6252-11c, V.T.C.S., relating to the use of private consultants by state agencies. "State agency" is defined as

any state department, commission, board, office, institution, facility, or other agency, including a university system or an institution of higher education as defined in Section 61.003, Texas Education Code, as amended, other than a public junior college.

V.T.C.S. art. 6252-11c, § 1(3). This definition tracks in pertinent part the definition of "state agency" in article 6252-13a, V.T.C.S., which we said did not include Higher Education Authorities.

You next inquire whether article 601b, V.T.C.S., the State Purchasing and General Services Act, applies to Higher Education Authorities. This statute applies to state agencies defined to include

(A) any department, commission, board, office, or other agency in the executive branch of state government created by the constitution or a statute of this state;

(B) the Supreme Court of Texas, the Court of Criminal Appeals of Texas, a court of civil appeals, or the Texas Civil Judicial Council; or

(C) a university system or an institution of higher education as defined in Section 61.003, Texas Education Code, as amended, other than a public junior college.

V.T.C.S. art. 601b, § 1.02(2). A Higher Education Authority is not an agency in the executive branch of state government; consequently it is not subject to the State Purchasing and General Services Act.

You next ask whether board members are required to take statutory or constitutional oaths of office. No statute requires an oath of directors of a Higher Education Authority. Article XVI, section 1 of the Texas Constitution requires appointed officers to take an oath. Section 53.15(b) of the Education Code refers to the position of the directors as an office. Moreover, we believe the position of a director fills the legal

employee is that some sovereign function of government is conferred upon him to be exercised for the benefit of the public largely independent of the control of others. Aldine Independent School Dist. v. Standley, 280 S.W.2d 578 (Tex. 1955). The directors exercise governmental authority in authorizing the issuance of revenue bonds and the expenditure of bond proceeds. Educ. Code SS 53.34, 53.35, 53.47. In our opinion, they are officers required to take the constitutional oath for appointed officers.

## SUMMARY

Higher Education Authorities organized pursuant to chapter 53 of the Education Code are subject to articles 6252-17, V.T.C.S., and 6252-17a, V.T.C.S. They are not subject to articles 601b, V.T.C.S., 6252-9b, V.T.C.S., 6252-11b, V.T.C.S., 6252-11c, V.T.C.S., or 6252-13a, V.T.C.S. The directors of a Higher Education Authority are officers required to take the constitutional oath of office.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood