Honorable Ann Richards Texas State Treasurer Treasury Department P. O. Box 12608, Capitol Station Austin, Texas 78711
Re: Whether the State Treasurer may use a wire transfer system to transfer and collect funds within the treasury
Dear Ms. Richards:
You have requested our opinion as to whether the State Treasurer may use a wire transfer system to remit and collect funds within the treasury. The funds are placed in state depository banks and the State Treasurer wishes to remove funds from one such bank and remit them to another. We answer your inquiry in the affirmative.
In answering the issue of using the wire transfer system to transfer funds within the treasury it is important to note that although there are adequate constitutional and statutory provisions that guide the State Treasurer in withdrawing funds from the state treasury, there are no provisions which address the movement of funds within the treasury. See Tex. Const. art. VIII, § 6; V.T.C.S. art. 4371. These funds are invested by the treasurer and are available for appropriation and expenditure by the legislature. V.T.C.S. art. 2525, (amended by S.B. No. 100, Acts 1983, 68th Leg. ch. ___ at ___); V.T.C.S. art. 4371. Since article VIII, section 6 of the Texas Constitution prohibits these funds from leaving the treasury, it is important to recognize that a transfer of treasury funds from one depository bank to another does not cause the funds to be `drawn from the Treasury.' The Court of Civil Appeals has stated the following:
 We are also of the opinion that there is no diversion of the state's funds by the depositing thereof in banks under this act, in the sense that they are withdrawn from the treasury, in violation of the Constitution. By the terms of the act it is plain that the state's funds, while placed in a depository, are still under the custody and control of the Legislature, and are directly subject to the orders and drafts of the treasurer in the payment of the state's obligation. In other words, they are not out of the official custody and control of the treasurer, and cannot in any proper sense be said to have been drawn from the treasury.
Lawson v. Baker, 220 S.W. 260, 271 (Tex.Civ.App.-Austin 1920, writ ref'd). Therefore, since the funds are still within the `control' of the treasurer, the use of a wire transfer system as a management tool for the administration of these funds does not violate any constitutional or statutory provisions. It is acceptable for the treasurer to use a wire transfer system, instead of the historically used draft system, in the administration of these funds.
Using a wire transfer system to collect funds within the treasury is controlled by article 2535, V.T.C.S., which states, in pertinent part, the following:
 All remittances to the Treasurer made by the State Depositories, or any person or persons may be in cash by registered and insured letter; by post office money order; express money order of any company authorized to do business in Texas, or by any bank draft on any bank in the following cities: Dallas, Fort Worth, Waco, Houston, Austin, Galveston, and San Antonio. The liability of any State Depository or person sending the same shall not cease until the said money is actually received by the Treasurer. (Emphasis added).
Article 2535 provides that the remittances to the treasurer `may' be made in the ways expressed by the statute. The statute, by using the word `may' instead of `shall' or `must,' does not limit the treasurer to the stated methods of collection. See, e.g., 53 Tex. Jur.2d Statutes § 16 and cited authorities. in State v. Hatcher, 52 S.W.2d 794, 797 (Tex.Civ.App.-Austin 1932), rev'd on other grounds, 81 S.W.2d 499 (Tex. 1935), the court found that this language in the statute gave the remitter the right to remit in these authorized forms and required the treasurer to accept these forms of remittance. Additionally, the court found that [t]hese restrictions in the forms of remittances were no doubt for the convenience of the treasurer, and clearly, we think, no duty was imposed upon him to accept remittances in any other form.
It is important to note that the court did not find that these authorized forms of remittance were exhaustive or that other forms of remittance were prohibited. Therefore, it is our opinion that these statutory restrictions in the forms of remittance are minimum restrictions imposed on the treasurer which do not prohibit the wire transfer system of collection.
We note that your question is presented in general terms, and we offer no opinion as to the validity of particular transactions.
 SUMMARY
The Texas State Treasurer may use a wire transfer system to transfer and collect funds within the treasury.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General