### TEXAS CO. et al. v. DAVIS et al.
### No. 4949.

Court of Civil Appeals of Texas. Texarkana.

April 1, 1936.

Rehearing Denied April 9, 1936.

Wm. K. Hall, of Houston, Edwin Lacy and Jack E. Price, both of Longview, and H. S. Garrett, of Fort Worth, for appellants.

Wynne & Wynne, Campbell & Leak, L. F. Burke, and McGaw, Mitchell & Harrington, all of Longview, for appellees.

HALL, Justice.

J. W. Davis and his children filed this suit in trespass to try title in the district court of Gregg county against the Texas Company, George Clark and wife, and numerous other persons not parties to this appeal, for one acre of land. After the suit had been filed for some months, the Gladewater County Line Independent School District intervened, asserting title to the same acre of land. The record reveals that George Clark and his wife were the owners of 60 acres of land, more or less, a part of the Thompson survey, and that the one acre of land in controversy was located in the northeast corner of the description of the Clark tract. It appears, further, that J. W. Davis at one time owned the land now owned by Clark, and which, without dispute, included the one acre in controversy. Davis and his heirs claimed that the one acre of land was conveyed by him, Davis, about 1898 to certain persons for the benefit of Point Pleasant Common School District and that the deed by which said property was conveyed contained a clause to the effect that same should revert to him when it ceased to be used for school purposes. The purported deed to this land from Davis to the Point Pleasant School District was never recorded. This land being in the East Texas oil field, Davis sought the appointment of a receiver to take charge of and develop the same for oil. The Gladewater County Line Independent School District in its intervention asserted title to the one acre of land by virtue of a conveyance from Wright and others, who were predecessors in title to Clark, to the trustees of Common School District No. 3, in which Point Pleasant school was located, dated April 25, 1908, and by the 10 years' statute of limitation; the contention being that by virtue of a special act of the Legislature creating intervener (Loc.&Sp.Acts 1923, 1st Called Sess., c. 7) all the property of Common School District No. 3 was transferred

to and became the property of the intervener.

Appellant Clark and wife answered by general demurrer, general denial, plea of not guilty, and pleas of limitation under the five and ten years' statutes; and against the Gladewater County Line Independent School District they asserted that the duly elected trustees of the said district had executed and delivered a deed to the one acre of land in controversy to their grantor, S. F. Jordan. They also pleaded estoppel and innocent purchaser. Appellant the Texas Company's answer was the same as that of the appellants Clark and wife, except the added pleas of limitation under the 3 and 25 years' statutes. The Texas Company claimed seven-eighths leasehold estate in the said disputed acre under a lease from one Chandler, who is the lessee of Clark and wife. It appears that Clark purchased the 60-acre tract of land which he asserted contained the 1-acre tract from S. F. Jordan in February, 1926, and he had continued to live thereon to the date of the trial of this case in the court below.

·The case was submitted on special issues, and the jury found against the plaintiff Davis and his heirs, the intervener, Gladewater County Line Independent School District, and in favor of the defendants, appellants here, Clark and wife and the Texas Company, on their plea of limitation under the 5 years' statute. The defendants Clark and wife and the Texas Company made a motion for judgment, which was overruled. The intervener, Gladewater County Line Independent School District, made a motion to enter judgment in its behalf non obstante veredicto, which was granted. From this judgment Clark and wife and the Texas Company have appealed to this court. So, then, the only parties to this appeal are George W. Clark and wife and the Texas Company, appellants, and the Gladewater County Line Independent School District, appellee.

■ In its motion for judgment, appellee asserted, among other things, that judgment should be rendered for it because limitation did not run against an independent school district; it being a "sub-division of the State of Texas and holds the property belonging to the school district in trust for the State of Texas." Presumably the trial court took this view of the law. Therefore, the controlling question in this case is: Will limitation run against an independent school district barring an action for the recovery of real estate? That part of article 5509 (Rev.St.1925) applicable here is: "Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward."

Judge Hodges, in the case of Trustees of College of De Kalb v. Williams (Tex.Civ. App.) 143 S.W. 348, 350, writ refused, discussing the 10 years' statute of limitation, says: "The language of this article is sufficiently comprehensive to include within the limitation therein prescribed all classes of landowners. None can claim exemption from the operation of this statute except those who have been expressly, or by necessary implication, excluded."

In the case of Mellinger v. City of Houston., 68 Tex. 37, 3 S.W. 249, 250, the Supreme Court says: "Limitation * * * as against a state * * * does not run unless permitted by statute, while, as against a municipal corporation, it will run unless restrained by statute."

Our search, then, will be directed to the Constitution of this state and legislative enactments to ascertain whether legal entities such as appellee are exempted from the limitation statute relating to actions to recover real estate either by "express provision or necessary implication." Appellee contends it comes within the exemption of article 7, § 6, of the Constitution. To better understand the full meaning of section 6 and its applicability, we will set out the following sections of article 7 of the Constitution:

"Section 1. A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools.

"Sec. 2. All funds, lands and other property heretofore set apart and appropriated for the support of public schools; all the alternate sections of land reserved by the State out of grants heretofore made or that may hereafter be made to railroads or other corporations of any nature whatsoever; one half of the public domain of the State; and all sums of money that may come to the State from the sale of any portion of

the same, shall constitute a perpetual public school fund. * * *

"Sec. 4. The lands herein set apart to the Public Free School fund, shall be sold under such regulations, at such times, and on such terms as may be prescribed by law; and the Legislature shall not have power to grant any relief to purchasers thereof. The Comptroller shall invest the proceeds of such sales, and of those heretofore made, as may be directed by the Board of Education herein provided for, in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the State shall be responsible for all investments.

"Sec. 5. The principal of all bonds and other funds, and the principal arising from the sale of the lands hereinbefore set apart to said school fund, shall be the permanent school fund, and all the interest derivable therefrom and the taxes herein authorized and levied shall be the available school fund, to which the Legislature may add not exceeding one per cent annually of the total value of the permanent school fund, such value to be ascertained by the Board of Education until otherwise provided by law, and the available school fund shall be applied annually to the support of the public free schools. And no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose whatever; nor shall the same, or any part thereof ever be appropriated to or used for the support of any sectarian school; and the available school fund herein provided shall be distributed to the several counties according to their scholastic population and applied in such manner as may be provided by law.

"Sec. 6. All lands heretofore, or hereafter granted to the several counties of this State for educational purposes, are of right the property of said counties respectively, to which they were granted, and title thereto is vested in said counties, and no adverse possession or limitation shall ever be available against *the title of any county*." (Italics ours.)

These provisions of the Constitution have reference to the benevolent act of the state in devoting a part of the public domain to the several counties for the establishment of the system of public free schools and their maintenance, and the exemption with regard to adverse possession, and limitation contained in section 6, copied above, clearly has reference to lands donated to the several counties by the state of Texas. To hold otherwise, in our opinion, would do violence to section 6 by adding to its plain and unmistakable provisions. We think we are fortified in this conclusion by the able reasoning of Judge Hodges in Trustees of College of De Kalb v. Williams, supra, wherein he says: "But, conceding that the trustees were endowed with some of the sovereign functions of state by the original act, and that the college was designed to promote a public purpose—that of furnishing educational facilities to the youth of the country—it does not necessarily follow that the plea of limitation interposed in this case was unavailable as a defense."

And in discussing section 6 of article 7 of the Constitution in reference to land granted to De Kalb College, Judge Hodges continues: "We must therefore construe the exception here made in favor of lands theretofore granted for purposes of education as being restricted to lands donated to the several counties."

To the same effect is Tex.Jur. Vol. 2, § 33, p. 63.

We shall next consider whether, under article 5517, R.S., appellee is exempt from the operation of the statute of limitation relating to an action for recovery of real estate. Article 5517, R.S., is: "The right of the State shall not be barred by any of the provisions of this title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, sidewalk or grounds which belong to any town, city or county, or which have been donated or dedicated for public use to any such town, city or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State; provided, this law shall not apply to any alley laid out across any block or square in any city or town."

The Commission of Appeals in Hatcher v. State, 81 S.W.(2d) 499, 500, 98 A.L.R. 1213, in discussing the relation of the school district to the state, says: "The real plaintiffs in the suit, which is brought in the name of the state for their use, are several common school districts of the county of Lamar. These school districts, or to speak more accurately in the language of the statute (R.S.1925, art. 2748), the trustees of the several districts, are bodies

politic and corporate, which may contract and be contracted with, sue and be sued. School districts, whether independent districts or common school districts, are not primarily agencies of the state, *but they are local public corporations* of the same general character as municipal corporations. While they are state agencies in the sense that they are employed in administering the state's system of public schools, *their operations are in a limited sphere, and in holding property and funds in trust for school purposes, they are immediately trustees for the local public.* Love v. City of Dallas, 120 Tex. 351, 366–369, 40 S.W.(2d) 20." (Italics ours.)

Before the effective date, September 1, 1925, of the Revised Statutes of 1925, the two-year statute of limitation could be urged against an independent school district in a suit for the collection of delinquent taxes. Hatcher v. State, supra. Article 7298, R.S.1925 before its amendment was: "No delinquent tax payer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State, or any county, city or town."

In applying this statute to independent school districts in suits for collection for delinquent taxes more than two years past due before the amendments thereto became effective, the Commission of Appeals in Hereford Independent School District v. Jones, 118 Tex. 655, 23 S.W.(2d) 690, says: "The application of the above statute is expressly limited to suits to collect taxes due the *state, county, city, or town,* and is not, in our opinion, applicable to taxes due to school districts. This being the only statute which we think can be urged as having the effect of preventing the operation of the statute of limitation as to the taxes due for the years 1918 and 1921, we are compelled to hold that the recovery of such taxes by the school district was barred; hence the trial court properly sustained an exception * * * seeking a recovery therefor."

It will be noted that the same legal entities are exempt from the statutes of limitation in both article 7298 before amendment and article 5517, R.S., namely, counties, cities, and towns, and the case cited last above, in our opinion, is ample authority for holding that the exemptions from adverse possession and occupancy set out in article 5517, R.S., as applying to counties, cities, and towns, is unavailable to any independent school district such as appellee.

It is true that section 3 of the act creating the appellee (Loc.&Sp.Acts 1923, 1st Called Sess., c. 7) vests it with "all the rights, powers, privileges and duties of a town or village incorporated under the General Laws of the State *for free school purposes only,*" but the act does not make of the appellee a town or city, and clearly those powers, rights, privileges, etc., are given to it for the purpose, alone, of conducting and operating the public free schools in that particular locality.

We have carefully examined the record in this case, and, in our opinion, the evidence is sufficient to support the findings of the jury to the effect that the appellants had title to the one acre of land in controversy under the 5 years' statute of limitation. Therefore, it is our opinion that the trial court committed error in entering judgment for the appellee non obstante veredicto. Judgment should have been entered for appellants in accordance with the verdict of the jury.

The judgment of the trial court is reversed, and judgment here rendered for appellants.