Ray McSHANN, Appellant,

v.

RICHARDSON INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 16170.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 2, 1960.

C. B. Bunkley, Jr., Dallas, for appellant.

Bailey & Williams and James A. Williams, Dallas, for appellee.

MASSEY, Chief Justice.

The Richardson Independent School District filed suit to remove cloud from its title to a one acre tract of ground in Dallas County, Texas, and to cancel a deed from one not in the chain of title to said tract which purported to vest title thereto in Ray McShann. The only defense material to our consideration on appeal was the defendant's claim of adverse possession under the Ten-year Statute of Limitation. By its negative or "No" answer to the special issue submitting the question, the jury refused to find for said defendant upon his contention. Judgment was entered in favor of the plaintiff and that the deed in question be canceled and the cloud on plaintiff's title removed. The defendant appealed.

Judgment affirmed.

Plaintiff's predecessors in title were the County School Trustees of Dallas County, Texas. These trustees received title by

deed of purchase in December, 1935. They held record title until on or about May of 1951, when they transferred title to the Richardson Independent School District. In June of 1937 the defendant received a deed from a stranger to the chain of title purporting to vest title in him to the same property. Defendant claims to have entered into possession at or before that time, and that for a period of ten consecutive years prior to 1953, either in person or through others claiming for him, held peaceable and adverse possession thereof, using, cultivating and enjoying the same.

It is our opinion that there could have been no ten-year period in which the defendant could have held adverse possession, for the reason that there could have been only approximately a single two-year period in which adverse possession could have been operative. Between the date plaintiff acquired the property by deed (in 1951) and the time the Legislature amended art. 5517, V.A.T.S., in 1953 so as to save the plaintiff from the bar of limitations theretofore available against it (see Texas Co. v. Davis, Tex.Civ.App., Texarkana 1936, 93 S.W.2d 180, error refused), the only period of time during which any adverse possession limitation period could have run in favor of the plaintiff was between the time of such acquisition and the effective date of the amendment.

■ While the County School Trustees of Dallas County, Texas, held the property (December, 1935 to May, 1951), their authority in the premises was rather restricted and any lawful and proper receipt of the property by them in their official capacities could only have been pursuant to the exercise of such powers as are expressly defined by statute or necessarily to be implied therefrom. See 37–B Tex. Jur., p. 227, "Schools", sec. 75, "County School Trustees"; Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann, 1940, 135 Tex. 280, 142 S.W.2d 945. It follows that there obtained the presumption of law that the County School Trustees held the property in question until 1951 for public school purposes, and as a trust for the benefit of the public schools of Dallas County. Constitution of Texas, Art. 7, sec. 6, Vernon's Ann.St.Const. While these trustees held the land it was exempt from the operation of the bar of limitations as applied thereto in view of the provisions of Art. 5517, V.A.T.S., even without consideration of the amendment thereof in 1953, *provided* it had been acquired or received by the aforesaid trustees for a public use. As indicated, the only proper public use for which they could have acquired the property would have been for public school purposes. If they were holding title to the land for such purposes no period of limitations could have been running thereon during the period such was held.

■ We recognize that there may be instances in which school trustees might be found to hold or claim title for other than proper purposes, but we are convinced that it is incumbent upon anyone who would assert limitations in such a case to show not only his period of adverse possession, but to go further and show that the trustees' claim of title was for other than the purposes authorized by law. This the defendant did not do in the case before us. For *that reason the judgment entered below must be affirmed.*

■ We are furthermore of the opinion that in view of the fact the defendant had cast upon him the burden of obtaining an affirmative or "Yes" answer to the special issue inquiring of the jury whether it found that the defendant had held peaceable and adverse possession, etc., for any period of ten consecutive years prior to 1953, and in view of the fact that every witness who testified in his behalf with sufficient certainty to have authorized an answer in the affirmative to support a judgment for him was an "interested witness", the judgment below should not be reversed upon his contention that the jury's answer was against the greater weight and preponderance of

the evidence and that there was *no evidence* that there had been no ten year period of adverse possession. Although a jury which discards the testimony of a witness or witnesses on the ground that they are "interested" is not authorized by reason of such discard to believe the opposite of what such testimony imports, it is nevertheless entitled to disbelieve what it does import. Here, there was no requirement that the jury believe the opposite of the import of the testimony, but it was entitled to refuse to answer the special issue submitted to it in the affirmative (as defendant desired and needed if he was to obtain a judgment) and to return a contrary negative or "No" answer thereto.

Judgment is affirmed.